BRUCE v. STUTZ MOTOR CAR COMPANY OF AMERICA, INCORPORATED.

[No. 12,208.  Filed June 5, 1925.]

1. MASTER AND SERVANT.—*Compensation agreement not approved by Industrial Board does not constitute "award" which may be reviewed because of changed condition of injured employee.*—A compensation agreement under the Workmen's Compensation Act which has not been approved by the Industrial Board does not constitute an award, and, therefore, is not subject to review because of changed condition of the injured employee.  p. 261.

2. MASTER AND SERVANT.—*"Total disability," meaning of under Workmen's Compensation Act.*—Total disability of injured employee, under the Workmen's Compensation Act, has refer-

ence primarily to the kind of work the employee was doing at the time of his injury, and the law contemplates that compensation for total disability shall continue until the employee is able to resume, at full wages, work of the same kind and character.   p. 261.

3.  MASTER AND SERVANT.—*Order of Industrial Board not necessary to exercise of employer's privilege to find work that injured employee can do and reduce the compensation to be paid by him.*—No order of the Industrial Board is necessary to confer on the employer the privilege of procuring for a disabled employee work of a different character that he may do without injury, as provided by §32 of the Workmen's Compensation Act (Acts 1915 p. 392, §9477 Burns 1926), as the law confers that privilege upon him.   p. 261.

4.  MASTER AND SERVANT.—*Industrial Board's jurisdiction in matter of other employment for injured employee.*—Until an employer procures work of a different character that a disabled employee can do, as provided by §32 of the Workmen's Compensation Act (Acts 1915 p. 392, §9477 Burns 1926), and such work has been refused, there is nothing for the Industrial Board to do, and an order by the board that if the employer procures work suitable to the employee's condition, he must accept it, is premature and necessarily invalid.   p. 261.

From Industrial Board of Indiana.

Application by the Stutz Motor Car Company of America, Incorporated, under the Workmen's Compensation Act, for review of award in favor of William H. Bruce.   From an order modifying the award, the latter appeals.   *Reversed.*   By the court in banc.

*J. Fred Masters,* for appellant.
*White, Wright & McKay,* for appellee.

William H. Bruce received a compensable injury while in the employ of the Stutz Motor Car Company and thereafter on June 28, 1923, the employer and employee entered into an agreement by which compensation was to be paid at the rate of $13.20 per week during temporary disability, not to exceed the statutory period, beginning June 22, 1923.   There is a recital in the

transcript that the agreement was filed with the Industrial Board on July 26, 1924, but it apears that the agreement has never been approved by the Industrial Board.

On July 28, 1924, the employer filed an application for a review of the award on account of changed conditions. It is impossible to determine from the transcript what change in the conditions the employer relied on as constituting ground for relief from the payment of compensation. However, it appears from the briefs that the employer's contention before the Industrial Board was that the employee's disability has ceased.

On September 19, 1924, the petition was heard by one member who, five days thereafter, made a finding and an award which is substantially the same as the finding and award afterward made by the full board on review.

The full Industrial Board reviewed the evidence adduced at the first hearing, refused to hear additional evidence offered by the employee, and made the following finding, award and order:

"The full Board * * * finds that on May 23, 1923, plaintiff was in the employment of the defendant and had a weekly wage in excess of $24.00; that on that date he received a personal injury by an accident arising out of and in the course of his employment, of which the defendant had knowledge and furnished medical treatment; that on June 28, 1923, plaintiff and defendant entered into a compensation agreement whereby the defendant agreed to pay to the plaintiff compensation at the rate of $13.20 per week, beginning June 22, 1923, and continuing during temporary disability; a copy of the agreement was filed with the Industrial Board on July 26, 1924; that under the agreement the defendant paid to the plaintiff compensation up to and including July 27, 1924; that on July 28, 1924, the de-

fendant filed with the Industrial Board its application for the review of the award on account of a change in conditions, alleging that the employee's disability on account of the injury had ended since the date of the award.

"And the full Board finds that defendant's application for review on account of a change in conditions should be granted; that there has been a change in plaintiff's condition, in that plaintiff was at the time of the hearing on September 19, 1924, able to do work of a light character, although he was not able to go in a factory and work where there was machinery.

"It is therefore considered and ordered that the plaintiff be and is hereby awarded against the defendant, compensation at the rate of $13.20 per week, beginning June 22, 1923, and to continue so long as the plaintiff is totally disabled for work, on account of his injury, or until the defendant procure for him employment suitable to his condition: provided that the total compensation hereby awarded, including that heretofore paid under the agreement of June 28, 1923, shall not exceed $5,000.

"It is further ordered that if the defendant procure for the plaintiff work suitable to his condition and the plaintiff refuses to accept the same, then plaintiff's compensation shall terminate from and after the date of the refusal.

"It is further ordered that the defendant have credit on this award for all compensation heretofore paid."

The undisputed evidence shows that on May 23, 1923, the employee was hit on the left side of the head with the iron handle of a windlass. The blow lacerated the skin above the left side of the forehead, and left him dazed and unconscious. The injury resulted in a deplorable physical and mental condition which we need not specifically describe.

The appellant contends:   (1) that there is no evidence to sustain the finding that there has been a change in conditions; (2) that the Industrial Board was not authorized to order the appellant to accept other employment when procured by the employer, on penalty of forfeiting his compensation; and (3) that the board erred in rejecting the additional evidence offered.

DAUSMAN, J.—In determining whether or not there has been a change in conditions, the inquiry must necessarily relate to a definite period of time.   That period is the time which has elapsed since the last preceding adjudication—that is to say, since the conditions were last officially determined.   The compensation agreement has not been approved by the Industrial Board, and therefore has not become an award.   It follows that the petition for a review of "the award" on account of a change in conditions, was premature.   There was no award to review.   Acts 1919 p. 158, §8020c2 Burns' Supp. 1921, §9490 Burns 1926; *Pedlow* v. *Swartz Electric Co.* (1918), 68 Ind. App. 400, 120 N. E. 603; *Indianapolis Bleaching Co.* v. *Morgan* (1921), 75 Ind. App. 672, 129 N. E. 644.

The spirit of our compensation law is that total disability is to be determined primarily by reference to the kind of work the employee was doing at the time of the injury.   It is also the spirit of the compensation law that compensation for total disability shall continue until the employee is able to resume, at full wages, work of the same kind and character as that in which he was engaged at the time of the injury. Artman's Manual, p. 145.   That proposition is subject to the qualification stated in section 32 of the Compensation Act.   Acts 1915 p. 392, §8020p1 Burns' Supp. 1921, §9477 Burns 1926.   If the injured workman is able to do work of a different character and thereby earn some wages, without injury to himself, then it is his duty

to accept that kind of employment when procured for him; and if he refuses employment suitable to his capacity, his compensation shall cease during the time he declines the employment. That means that if the employer is of the opinion that, in truth, the employee is able to do work of a different character, and desires to diminish, on that basis, the amount of compensation for which he is liable, it is his privilege to procure for the workman employment of such a character as in his judgment is suitable to the workman's capacity. No order of the Industrial Board is necessary to confer that privilege upon the employer. The law does that. In that respect, there is nothing for the board to do until employment has actually been procured and refused. Should a dispute arise as to whether the employment thus procured is suitable to the workman's capacity, if he have any capacity, it will be the duty of the board to decide the controversy when properly presented. It follows that all the board has done and all it has attempted to do with respect to this feature is premature—mere speculation. No employment had been procured, and none refused. That entire controversy is purely imaginary. There was nothing legitimately before the board under §32, *supra.*

The conclusion we have reached makes it unnecessary to consider the third contention.

The award is reversed and the Industrial Board is directed to dismiss the petition, at the costs of the appellee.