## SWIFT AND COMPANY v. BOBICH.

[No. 13,317. Filed October 11, 1928.]

*William J. Whinery* and *Thomas M. Coen*, for appellant.

*William J. McAleer, Francis J. Dorsey, Gerald A. Gillett* and *James J. Clark*, for appellee.

NICHOLS, C. J.—While in the employ of appellant on March 3, 1924, appellee sustained an injury, by reason of an accident arising out of and in the course of his employment, to his left leg below the knee, consisting of an abrasion or cut in which an infection started, resulting in inflammation of the veins, and finally resulting in varicose veins and ulcers. Appellee has continued in that condition from the date of injury to the present time, a fact so found by the full Industrial Board.

Appellant reported the accident to the Industrial Board, and, on July 28, 1924, entered into an agreement with appellee to pay him compensation at the rate of

$13.20 per week during total disability, not exceeding the period fixed by law, or 500 weeks, beginning on June 2, 1924, which agreement was approved by the Industrial Board. Thereafter, by petition for review, appellant sought to be relieved from payment, its petition was denied by the Industrial Board and it appealed to this court, where the decision of the Industrial Board was affirmed. Appellant again seeks relief upon the grounds that it has fully complied with the agreement, that appellee's disability has ceased, and his injuries have arrived at a stage of a permanent partial impairment. Appellant contends that it should not be called upon or compelled to pay a greater amount than it is required to pay under the Workmen's Compensation Law for the loss of a leg.

The Industrial Board finds that appellee's injury was confined to his left leg between the knee and ankle, and that, at no time since his injury, has he been able to resume the work in which he was engaged at the time of the injury, or in the same kind or general class of work in which he was so engaged; that his injury involved the soft tissues of said part of the leg without any fracture or amputation; that, continuously from the date of the injury until the date of the hearing upon appellant's application to review, his leg, due to his injury, has been in a state of active inflammation; that at times the inflammation temporarily and partially subsides and then again the inflammation increases and becomes active and acute, so that said limb, throughout the entire period since the date of his injury, has been so tender and painful that he has been wholly unable to use it to the extent that he has been wholly disabled for the performance of the work in which he was engaged at the time of the injury or any other work of a similar character; that at no time since the injury have his injuries healed or attained a permanent or quiescent state so that his injury

has been confined to any degree of permanent impairment. On this finding, the Industrial Board rendered an award that the appellant's application to review on account of a change in conditions be denied.

Under the agreement here involved, which was approved by the Industrial Board, the compensation period may not be terminated until the lapse of 500 weeks, unless terminated under some exception of the statute, or by the cessation of total disability. *Ft. Branch Coal Mining Co.* v. *Farley* (1921), 76 Ind. App. 37, 130 N. E. 132, 131 N. E. 228. And a temporary or an intermittent cessation of total disability will not terminate the compensation period. *Ft. Branch Coal Mining Co.* v. *Farley, supra.*

The presumption is that the injured workman is entitled to full compensation until he is able to resume work of the same kind or of the same general character as the work in which he was engaged at the time he received his injury, subject, of course, to the privilege of the employer to furnish or tender him work, suited to his condition, as provided by statute. *Bruce* v. *Stutz Motor Car Co.* (1925), 83 Ind. App. 257, 148 N. E. 161.

It clearly appears by the finding of the Industrial Board, as above set out, that appellee's total disability had not ceased, and he was entitled to have his compensation continued notwithstanding the fact that his injury was confined to his leg below his knee. The compensation period prescribed for the loss of a foot or of the leg below the knee does not determine the compensation to which appellee was entitled under the circumstances as set out in the finding of the board.

The award is affirmed.