### INMAN *v.* CARL FURST COMPANY.

[No. 14,154.   Filed December 16, 1930.]

*R. L. Mellen,* for appellant.
*Clark & Brooks,* for appellee.

NEAL, J.—On December 28, 1927, appellant sustained an injury while in the employ of appellee, by an accident arising out of and in the course of his employment. On January 27, 1928, appellant and appellee entered into an

agreement, which was subsequently approved by the Industrial Board, whereby appellee agreed to pay compensation at the rate of $16.50 per week during total disability, not exceeding the period fixed by law, beginning January 5, 1928.

Appellee, on June 25, 1928, filed with the Industrial Board its application for a review of the award on account of a change in conditions upon the grounds, viz.: (1) That appellant had refused the service of a physician provided by appellee; (2) that the appellant had refused to submit himself to an operation by a physician designated by appellee. The application was denied by the Industrial Board on October 1, 1928, all members concurring therein. On March 5, 1930, appellee filed its application for a review of the award on account of a change in conditions upon the ground that the injury of appellant had resulted in permanent partial impairment. On April 15, 1930, a hearing was had on the application by one member of the Board, who denied the same; thereafter, appellee petitioned for a review before the full Board, which was granted. The Board, after hearing, found that appellant's injury had resulted in a permanent partial impairment to his right leg below the knee and awarded appellant compensation for 150 weeks at the rate of $16.50 per week beginning as of January 5, 1928.

The error assigned is that the award of the Industrial Board is contrary to law.

A resume of the evidence favorable to appellee is as follows: Appellant had an injury which consisted of a dislocated right ankle, compound fracture of both bones of the leg above the ankle joint; that he now has an impairment to the foot below the knee of 100 per cent; that there was no evidence of any injury except of that below the knee; that the injury had reached a permanent stage; that the appellant could not walk without crutches

and was unable, in his present condition, to resume work at the stone mill where he was employed prior to his injury; that the appellee had offered to pay the expenses of amputation of the leg just above the ankle which had been refused by appellant.

In addition to the above facts, the various proceedings before the Industrial Board, as heretofore set forth, were stipulated as part of the evidence.

Appellant's first proposition is: That the agreement and award thereon ordered compensation paid to appellant during total disability; that the application of appellee on which the final award was made alleges that appellant's injury has resulted in permanent partial impairment but does not allege that total disability has ended; that the Industrial Board made no finding on the question of disability or change of conditions, but did find that appellant's injury had resulted in a permanent partial impairment. Therefore, there can be no change in the previous award until the Industrial Board finds there has been a change of conditions and that disability has ended.

The full Industrial Board did not specifically find as a fact that total disability had ceased. It did find "that plaintiff's said injury has resulted in a permanent partial impairment to his right leg below the knee of 100 per cent and he is entitled to compensation for 150 weeks."

The Compensation Law recognizes a clear distinction in the use of the words "disability" and "impairment." The former means inability to work, the latter has reference "to partial or total loss of the function of a member or of the body as a whole." *Northern Indiana Power Co. v. Hawkins* (1925), 82 Ind. App. 552, 146 N. E. 879.

Under our Workmen's Compensation Law, where, as here, an award for disability has been made to a work-

man on account of an injury, and thereafter the employer files an application alleging a change of condition, in that the injury received by the employee has resulted in a permanent partial impairment, and the Industrial Board finds it to be a fact, and such injury comes within the schedule of injuries as enumerated in §31 of the Compensation Act (Acts 1915, ch. 106, as amended Acts 1919, ch. 57, §9476 Burns 1926), it necessarily follows that such a finding is equivalent to a specific finding that total disability has ceased and a permanent partial impairment has taken place. *Zeller* v. *Mesker* (1927), 85 Ind. App. 659, 155 N. E. 520; *Denasoff* v. *Foundation Co.* (1927), 86 Ind. App. 272, 155 N. E. 521; *Eureka Coal Co.* v. *Melcho* (1927), 85 Ind. App. 552, 154 N. E. 774.

The second proposition is: "The presumption is that appellant is entitled to full compensation until he is able to resume work of the same kind or of the same character as the work in which he was engaged at the time he received his injury, subject to the privilege of the appellee to furnish or tender him work suitable to his condition"; that the evidence is uncontroverted; that the appellant is unable to resume his former position and that he cannot do work of the same kind or general character as pertained to his former position; that the evidence is silent as to any tender or offer to appellant on the part of appellee to furnish him work suitable to his condition; therefore, the award is contrary to law.

Appellant, in support of the foregoing proposition, relies upon *Bruce* v. *Stutz Motor Car Co.* (1925), 83 Ind. App. 257, 148 N. E. 161; and *Swift & Co.* v. *Bobich* (1928), 88 Ind. App. 64, 163 N. E. 232. In the first case referred to, the employee was hit on the left side of the head with the iron handle of a windlass. The blow lacerated the skin above the left side of the forehead and left him dazed and unconscious. The employer and em-

ployee entered into an agreement whereby the employer agreed to pay compensation during total or temporary disability, which was never approved by the Industrial Board. Subsequently, the employer filed a petition for a review alleging that a change of conditions had taken place and the employee's disability had ended. This court decided that the petition to review the agreement was premature, as the Industrial Board never approved the award, and ordered the Industrial Board to dismiss the employer's petition.

It is true that this court, by Judge Dausman, in passing on the question, used the following language in *Bruce* v. *Stutz Motor Car Co., supra:* "The spirit of our compensation law is that total disability is to be determined primarily by reference to the kind of work the employee was doing at the time of the injury. It is also the spirit of the compensation law that compensation for total disability shall continue until the employee is able to resume, at full wages, work of the same kind and character as that in which he was engaged at the time of the injury. . . . That proposition is subject to the qualification stated in section 32 of the Compensation Act. Acts 1915 p. 392, §8020p1 Burns' Supp. 1921, §9477 Burns 1926. If the injured workman is able to do work of a different character and thereby earn some wages, without injury to himself, then it is his duty to accept that kind of employment when procured for him; and if he refuses employment suitable to his capacity, his compensation shall cease during the time he declines the employment." It was not necessary to the decision of that case that the court enter a field not presented by the issues.

In *Swift & Co.* v. *Bobich, supra,* the employee sustained an injury to his left leg below the knee, consisting of an abrasion or cut in which an infection started, resulting in varicose veins and ulcers, which condition pre-

vailed at the time of the hearing before the Industrial Board. The Industrial Board had previously awarded the employee compensation during total disability. The petition for review alleged a change of conditions, in that the injury had arrived at the stage of permanent partial impairment. The Industrial Board found that the injury was confined to his left leg between the knee and ankle, and that, at no time since his injury, had he been able to resume the work in which he was engaged at the time of the injury, or in the same kind or general class of work in which he was engaged; that, at no time since the injury, had his injuries healed or attained a permanent or quiescent state so that his injury had been confined to any degree of permanent partial impairment. The Industrial Board denied the employer's application to review on account of a change of condition. On appeal, this court said: "The presumption is that the injured workman is entitled to full compensation until he is able to resume work of the same kind or of the same general character as the work in which he was engaged at the time he received his injury, subject, of course, to the privilege of the employer to furnish or tender him work, suited to his condition, as provided by statute."

The above and foregoing principle of law announced in each case must be held applicable to a state of facts where the injuries of the employee have not healed or attained a permanent or quiescent state. When the injury has healed and reached a permanent condition, as the evidence discloses in this case, and such permanent injury comes within the schedule of specific injuries enumerated in §31 of the Workmen's Compensation Law, *supra*, the fact that the employee is unable, on account of his injury, to resume work of the same kind or of the same character as the work in which he was engaged at the time he received the injury cannot, *ipso facto*, defeat a finding of permanent partial impair-

ment. If this were not true, then the above section (§31 as amended), becomes meaningless, for it reads: "For injuries in the following schedule, the employee shall receive, *in lieu of all other compensation* on account of said injuries, a weekly compensation of 55 percent of his average weekly wages for the period stated, for said injuries," etc. (Our italics.) See *In re Cannon* (1917), 66 Ind. App. 1, 117 N. E. 658; *In re Maranovitch* (1917), 65 Ind. App. 489, 117 N. E. 530; *Eureka Coal Co.* v. *Melcho, supra*.

Section 32 of the Workman's Compensation Law (Acts 1915, ch. 106, §9477 Burns 1926) reads as follows: "If an injured employee refuses employment suitable to his capacity procured for him, he shall not be entitled to any compensation at any time during the continuance of such refusal unless, in the opinion of the industrial board, such refusal was justifiable." This provision of the statute must be applied in cases where a former award for disability exists, either temporary or total. If, for instance, an award is made for total disability and a change of condition has taken place so that the employee is able to do work without additional injury to himself, not of the same kind or character in which he was engaged and at the same wage, but at a diminished wage, and the employer desires to reduce the amount of the weekly compensation, it is necessary for him to offer or procure employment for the injured employee before the Industrial Board can alter a previous award of total or temporary disability. The above section of the statute has no application to §31, *supra*. The award for permanent partial impairment cannot be decreased by any employment the employer may offer or procure or wage the employee may earn. It is given by the law without qualification or restriction.

We find no errors, and the award is affirmed.