## HIPSKIND v. WABASH CANNING COMPANY.

[No. 14,268. Filed May 6, 1931. Rehearing denied August 13, 1931. Petition to reconsider petition for rehearing denied February 9, 1932.]

*H. N. Hipskind,* for appellant.
*L. A. Krebs* and *James L. Murray,* for appellee.

Kime, J.—Appellant sustained an injury on July 8, 1924, by reason of an accident arising out of and in the course of his employment by the appellee. An agreement was later entered into which was approved by the Industrial Board of Indiana, whereby $9.90 per week was to be paid during total disability, not exceeding 500 weeks. This was paid, and, on February 2, 1926, appellee applied for a review on account of a change in condition which had resulted in permanent partial impairment. After a hearing before a single member of the board, the application was denied. On April 15, 1930, appellee again filed an application for a review on account of a change in condition which had resulted in permanent partial impairment. A hearing before a single member resulted in a finding that a 75 per cent permanent partial impairment had resulted, and this was the finding by the full board in the review that followed. Compensation was awarded at the rate of $9.90 a week for 375 weeks, with credit to be given for all amounts paid to that time.

Appellant contends that, since the board made no specific finding that total disability had ceased, any award it might make would not take precedence over

the original agreement entered into by the parties and ratified by the board. This has recently been decided otherwise in the case of *Inman* v. *Carl Furst Co.* (1930), 92 Ind. App. 17, 174 N. E. 96, and is followed here. The second proposition in that case is also raised here, and must necessarily be decided as it was there.

Hence this award is affirmed on this authority of *Inman* v. *Carl Furst Co., supra,* and it is so ordered.