MILES *v.* INDIANA SERVICE CORPORATION.

[No. 14,655. Filed April 29, 1933. Rehearing denied September 28, 1933.]

*Samuel E. Cook* and *Claude Cline,* for appellant.

*James M. Barrett, Jr., Phil M. McNagney,* and *Leigh L. Hunt,* for appellee.

SMITH, J.—On February 2, 1929, appellant received a compensable injury to his elbow while cutting down small trees and removing brush from the railroad right of way of appellee. In the course of his employment, he slipped and fell on his right arm which, he alleges, caused a fracture to one of the bones at the elbow joint. On March 13, 1929, appellant and appellee entered into a compensation agreement fixing the compensation of the appellant at $9.90 per week during total disability beginning on the ninth day of February, 1929, not exceeding the period fixed by law, and not exceeding $5,000 on account of injuries to appellant's

arm received February 2, 1929. On March 20, 1929, this agreement was approved by the Industrial Board.

On April 1, 1929, appellant executed a receipt in final settlement of compensation, which provided that the disability ceased on the 18th day of February, 1929, and that total disability existed for 16 days, for which he received $12.73. This receipt was filed with the Industrial Board, April 8, 1929. On February 18, 1929, appellant returned to work for the appellee at the same work he was doing when his accidental injury was sustained at the same wage he received on the date the accident occurred; and continued uninterruptedly the same kind of work, in the same employment, until May 9, 1931, for a period of more than two years. On August 12, 1931, appellant filed his application on form No. 14 before the Industrial Board for "the review of award on account of a change in conditions." This application was in two paragraphs which are substantially alike, except that the second paragraph goes more into detail as to the injury appellant received and the character thereof, and alleges that soon after April 1, 1929, the injuries recurred; that there was a disagreement regarding the continuation of payments under the award; that the disability of the appellant on account of his injuries did not cease or end on February 18, 1929; that appellant's statement dated April 1, 1929, that said disability had ceased on February 18, 1929, was a mistake and an error and that he did not discover same until afterwards; that said disability had only temporarily ceased and that it had recurred since then, and still exists; that said injury resulted in a permanent total impairment in the use of his arm and elbow; and then sets forth the details of the injury.

To this application, the appellee filed a special answer in two paragraphs: The first, a general denial; the

second, that the application was not filed within the time fixed by statute because the compensation period fixed had ceased and terminated more than one year prior to the date of filing application.

Appellee also filed its motion to dismiss appellant's application to review, raising substantially the same question as the second paragraph of answer. The appellant filed a reply to the second paragraph of answer in four paragraphs all of which are in effect an argumentative denial. Appellant then filed an answer to appellee's motion to dismiss, setting out practically the same matter as the replies to the answer.

The issue thus tendered was tried before one member of the Industrial Board and was later reviewed by the full board. On March 28, 1932, a finding and award were entered by the full board for appellee. It is from this award by the full board that appellant prosecutes this appeal. The appellant assigns as error that the award is contrary to law, which properly raises all the questions to be determined in this appeal.

That part of the finding of the board and its award which is material to the determination of this appeal is as follows:

"Said members further find that the plaintiff's temporary total disability ended and did end on the 18th day of February, 1929; that he had a period of sixteen days total disability; that he returned to work at the same job and same wage, and worked continuously for a period of more than two years. Said members now find for the defendant on its special answer herein set out; that the Industrial Board of Indiana has no jurisdiction; that the plaintiff filed his application to review said award, approved by the Industrial Board of Indiana on March 20, 1929, on the 12th day of August, 1931; that the compensation period fixed by the said agreement ceased and terminated, which was more than one year prior to the filing of said application to review.

"ORDER.

"It is therefore considered and ordered by the Full Industrial Board of Indiana that plaintiff take nothing by his application herein, and that he pay the costs of this proceeding.

"Dated this 28th day of March, 1932."

The sole question in this case turns upon the construction of section 45 of Workmen's Compensation Act (§9490, Burns Ann. Ind. Stat. 1926, §16421 Baldwin's Ind. Ann. Stat. 1934). The part of this section involved herein is as follows:

"The board shall not make any such modification upon its own motion, nor shall any application therefor be filed by either party, after the expiration of one year from the termination of the compensation period fixed in the original award, made either by an agreement or upon hearing. The board may, at any time, correct any clerical error or mistake of fact in any finding or award."

The Industrial Board made a finding:

"That the plaintiff's temporary total disability ended and did end on the 18th day of February, 1929; that he had a period of 16 days of total disability; that he returned to work at the same job at the same wage and worked continuously for a period of more than two years.

Then follows a finding for the appellee on its special answer:

"That the Industrial Board of Indiana has no jurisdiction; that the plaintiff filed his application to review said award; approved by the Industrial Board of Indiana, on March 20, 1929, on the 12th day of August, 1931; that the compensation period fixed by the said agreement ceased and terminated which was more than one year prior to the filing of said application to review."

Section 45 of the statute, part of which is quoted above, provides that no application for the review of an award on account of a change in conditions shall be filed

after the expiration of *one year* from the termination of the compensation period fixed in the original award. Therefore, the question here is, When did the compensation period fixed in the original award terminate? The language used in the statute is, "In the original award." In this case, like many others, the termination of the compensation was not fixed in the agreement upon which the original award was made. It is evident that in cases of this kind, where total temporary disability cannot be fixed definitely as to its termination, such termination of the compensation period of necessity must be fixed by the Industrial Board so that in effect that part of section 45, *supra,* should be construed to read: "One year from the termination of the compensation period fixed in the original award" *or by the Industrial Board.* (Our italics.)

Courts have no authority to make contracts · or to read into statutes that which is not within the clear intent and meaning of the act.

Since these compensation cases are under the jurisdiction of the Industrial Board, which is a continuing jurisdiction, it must be held of necessity that the Industrial Board has the power to fix the termination period for compensation in cases of this character. The Industrial Board having found as a fact, that the temporary total disability of appellant ended on February 18, 1929, and there being evidence to support this finding, this court will not disturb it. Since this application for a review of the award on account of change in conditions was not filed until the twelfth day of August, 1931, more than *one year* after the termination of the compensation period as found by the Industrial Board, it was filed too late, and the Industrial Board has no authority under section 45, *supra,* to make any modification of the original award herein.

Appellant raised the question and contends that the

limitation for the filing of his application for review extends over a period of one year after 500 weeks. He bases this contention upon the theory that the compensation period in this case as fixed in the statute extends for 500 weeks or over nine years, and that section 45 gives him one year after the end of 500 weeks in which to file this application. He cites as authority the following cases: *Swift and Company* v. *Bobich* (1928), 88 Ind. App. 64, 163 N. E. 232; *Adams* v. *Smith* (1930), 91 Ind. App. 529, 171 N. E. 882; *Ft. Branch Coal Mining Co.* v. *Farley* (1921), 76 Ind. App. 37, 130 N. E. 132, 131 N. E. 228.

In the Swift and Company case, the court said:

"It clearly appears by the finding of the Industrial Board, as above set out, that appellee's total disability had not ceased, and he was entitled to have his compensation continued notwithstanding the fact that his injury was confined to his leg below his knee. The compensation period prescribed for the loss of a foot or of a leg below the knee does not determine the compensation to which appellee was entitled under the circumstances as set out in the finding of the board."

The board further found in the Swift and Company case that at no time since the employee's injury had he been able to resume the work in which he was engaged at the time of the injury.

The Fort Branch case, *supra,* was an original application for compensation, and not for a review on account of changed conditions, and the board found that the temporary total disability had ceased only temporarily, and that the employee was disabled for work intermittently. That case held that the question when the total disability shall have actually ceased, or when the maximum time shall have expired, is a question of fact, and the same may be determined by the Industrial Board. The Industrial Board also found that the compensation

period had not terminated and that, at the time the final receipt was filed, the employee's total disability had only ceased temporarily.

The Adams case was decided in June, 1930, by this court, and the court held that the signing of the receipt in final settlement does not necessarily fix the time when the compensation period ends for total disability. Judge McMahan, speaking for this court, said:

> "Appellant (the employee) should have been permitted to introduce evidence as to the circumstances under which the receipt was given and as to when the disability actually terminated in order to fix the time when the period of limitation began to run."

This case involved an original proceeding for compensation for permanent partial impairment. None of the cases above cited by appellant support his position, but rather do they support the proposition that the Industrial Board has the right and power under the statute to fix the period when the disability shall end.

Since the board fixed that period in its finding, and there is evidence to support it, this court, under the rule often announced, will not disturb that finding.

Appellant also claims that this application is an original action for permanent impairment, based upon subdivisions (a) and (b) of section 31 (Compensation Act); and that the compensation period is 250 weeks. The application filed does not bear out this contention. Appellant also claims that this is an original action, governed by section 24 of the Workmen's Compensation Act (§9469, Burns Supp. 1929, §16400, Baldwin's 1934); then, claims that the impairment did not develop until May, 1930, and hence the claim was filed within the two-year period as provided in section 24. This contention cannot be sustained for the application is for a review of the award on account

of a change in conditions. It was tried upon that theory before the Industrial Board.

The Board found that the total temporary disability ended on February 18, 1929, and, even if this were an original application for permanent impairment, it would be barred by section 24, *supra,* as not having been filed within the time fixed.

The Industrial Board having found the time when the total temporary disability ended, which was within its power in this case, and the application of appellant not being filed within one year from the termination of the compensation period as fixed, the Industrial Board would have no jurisdiction to modify the original award herein.

The award is affirmed.