BRIGGS INDIANA CORPORATION *v.* DAVIS

[No. 16,449. Filed November 10, 1939.]

*Meyer, Fine & Bamberger,* for appellant.

*Oscar Lamphar,* for appellee.

STEVENSON, C. J.—This is an appeal from an award of the Industrial Board based upon an application filed on Form 14 for the review of an award on account of a change in conditions, in which permanent partial impairment is also alleged. Many of the facts were stipulated and for the purposes of this case the stipulation is sufficiently complete to afford the background

out of which this appeal arises. This stipulation is as follows:

"It is stipulated that on February 11, 1936, plaintiff was in the employ of the defendant at an average weekly wage of $14.40; that on said date plaintiff suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendant had knowledge and furnished medical and hospital treatment; that as a result of said accidental injury on February 11, 1936, plaintiff became totally disabled; on February 18, 1936, plaintiff and defendant entered into a Form 12 agreement for the payment of compensation at the rate of $8.80 per week, beginning on February 18, 1936, and continuing during the period of total disability, until it terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Indiana; that said agreement was filed with the Industrial Board on February 28, 1936; that pursuant to said agreement the defendant has paid to the plaintiff compensation for a period of 65 4/7 weeks, up to and including May 21, 1937; that on May 22, 1937, the defendant filed its Form 14 application, alleging that the disability of the plaintiff on account of said injury had ended since the date of said agreement, and that thereafter plaintiff and defendant disagreed as to the termination of plaintiff's disability; that on June 14, 1937, the Industrial Board of Indiana made an order that plaintiff's disability, as the result of said accidental injury of February 11, 1936, terminated on May 21, 1937, and that compensation under and by virtue of the agreement heretofore entered into between plaintiff and defendant on February 18, 1936, had been fully paid; that on February 1, 1938, plaintiff filed his Form 14 alleging that the disability of the plaintiff on account of said injury has recurred and increased since the date of said order, and that said injury has resulted in a permanent partial impairment."

The Industrial Board after hearing the evidence found the facts as stipulated above and their finding further recites that "the full Industrial Board now finds for the plaintiff on his application, that as a result of the accidental injury sustained on February 11th, 1936, has resulted in an eighty (80) percent permanent partial impairment to the man as a whole."

On this finding the Industrial Board made the following award:

"It is therefore considered and ordered by the Full Industrial Board of Indiana that there is awarded plaintiff as against the defendant compensation at the rate of $8.80 per week for four hundred (400) weeks, beginning with February 11, 1936, defendant to be given credit for all compensation heretofore paid."

It is from this award that this appeal has been perfected.

In support of its assignment of error that the award is contrary to law, the appellant contends that the award must be reversed because there is no finding by the Industrial Board that there has been a change of conditions since the last previous award. The appellant cites many authorities to the effect that in applications to review an award on account of change in conditions, the burden is on the applicant to prove that there has been a change in conditions since the last preceding award, which change in conditions resulted in increased disability or impairment. Without a finding to that effect, the appellant contends that the Industrial Board is without authority to make an award.

We think that the appellant has failed to distinguish between the terms "disability" and "impairment" as used in the Workmen's Compensation Act. It will

be noted that at the time the first award was made, the same was for the payment of compensation during a period of temporary total disability. This award continued from February 18, 1936 to May 21, 1937. On June 15, 1937, an order was entered ending the compensation as of May 21, 1937, on a finding that the appellee's total disability had ceased. On February 1, 1938, this application was filed, alleging that said injuries had resulted in a permanent partial impairment, and the board so found. They accordingly entered an order awarding the plaintiff compensation at the rate of $8.80 per week for four hundred (400) weeks, beginning February 11, 1936, the date of the injury.

It is clear from the above record that the award of the board first made on February 28, 1936 was for the period of temporary total disability only and did not cover or attempt to cover any impairment which the appellee may have suffered as a result of such injury. The board later found that the total disability of the appellee ended on May 21, 1937, and compensation as of that date was terminated under order of the board. The appellee was accordingly within his rights when he filed on February 1, 1938, a claim based upon permanent impairment, which the evidence shows to have existed from the time of the accident. *Denasoff* v. *Foundation Co. et al.* (1927), 86 Ind. App. 272, 155 N.E. 521; *Pettiford* v. *United Dept. Stores* (1935), 100 Ind. App. 471, 196 N.E. 342; *Zeller* v. *Mesker* (1927), 85 Ind. App. 659, 155 N.E. 520; *Sewell* v. *Terre Haute Brewing Co.* (1936), 102 Ind. App. 373, 200 N.E. 734.

As was said by this court in the case of *Pettiford* v. *United Department Stores*, supra, p. 479:

"If an impairment such as is contemplated in the schedule of section 31 of the Act occurs at the time of the accident, and if the award of compensation is based upon disability alone then it is obvious that a right of action still lies for the impairment, which may be prosecuted at any time within 2 years after the accident. That is to say, that in the situation just supposed there are in fact two causes of action, one for the disability, if there be a disability, and one for impairment, if there be an impairment, and section 24 of the Act governs the bringing of either or both of said causes of action."

While the application upon which the present award was based may be said technically to be an application for an award on account of change in conditions, yet actually it sought an award upon entirely new matter, viz., permanent partial impairment. The Industrial Board evidently tried the case upon this theory for they awarded the plaintiff compensation at the rate of $8.80 per week for a period of 400 weeks beginning with February 11, 1936, the date of the injury, the appellant to have credit for all compensation theretofore paid.

This is substantially the same factual background which existed in the case of *Eureka Coal Co.* v. *Melcho* (1927), 85 Ind. App. 552, 555, 154 N.E. 774, where the court said:

"While the application upon which the present award is based may be said, technically, to be an application for an award on account of changed conditions, yet actually, it sought an award upon an entirely new matter, viz.: permanent partial impairment, a new and distinct matter. This fact the parties recognized in their stipulation above set out, and the Industrial Board, acting upon said stipulation, heard the cause and awarded compensation as upon a new and independent ap-

plication. As the cause may be said to have been 'tried upon this theory,' such theory will be adhered to on appeal. Upon this theory, and under said stipulation, said fact as to a 'change in condition' was not necessary to sustain the award.''

The same contention which the appellant now raises was before the court in the case of *Inman* v. *Carl Furst Co.* (1930), 92 Ind. App. 17, 174 N.E. 96. In this case the appellant contended that since the Industrial Board made no finding on the question of disability or change in conditions, they were without authority to make an award based on permanent partial impairment. They insisted that ''there can be no change in a previous award until the Industrial Board finds that there has been a change in conditions and that disability has ended.'' In that case this court said (p. 20):

''The full Industrial Board did not specifically find as a fact that total disability had ceased. It did find 'that plaintiff's said injury has resulted in a permanent partial impairment to his right leg below the knee of 100 per cent and he is entitled to compensation for 150 weeks.' . . .

''Under our Workmen's Compensation Law, where, as here, an award for disability has been made to a workman on account of an injury, and thereafter the employer files an application alleging a change of condition, in that the injury received by the employee has resulted in a permanent partial impairment, and the Industrial Board finds it to be a fact, and such injury comes within the schedule of injuries as enumerated in §31 of the Compensation Act (Acts 1915, ch. 106, as amended Acts 1919, ch. 57, §9476 Burns 1926), it necessarily follows that such a finding is equivalent to a specific finding that total disability has ceased and a permanent partial impairment has taken place.''

It is our opinion, therefore, that the objections of the appellant are not well taken and that the award of the full Industrial Board should be and the same is hereby affirmed.

Award affirmed, with the statutory 5% penalty.

Dudine, J., concurs in result.