DUNSIZER *v.* A. J. WOLF CONSTRUCTION COMPANY ET AL.

[No. 16,454. Filed November 30, 1939. Rehearing denied January 23, 1940.]

*Landis & Hanna,* for appellant.

*Arthur & Tuberty,* for appellees.

CURTIS, J.—This is an appeal from a final award of the full Industrial Board of Indiana, from which finding and award we quote as follows:

"BE IT REMEMBERED that pursuant to notice fixing the time and the place therefor, this cause was called for hearing before the full Industrial Board of Indiana, at the offices of said Board in the State House, in the city of Indianapolis, Marion County, Indiana, on April 24, 1939, at 2:30 P.M., on plaintiff's application to review an award entered March 13, 1939.

"Plaintiff appeared by Frederick Landis, Jr., his attorney. Defendant appeared by Arthur & Tuberty, its attorneys.

"And the full Industrial Board, having heard the argument of counsel, having reviewed the evidence and being duly advised therein, now finds that on August 1, 1936, while in the employ of the defendant at an average weekly wage of $17.60, plaintiff suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendant had knowledge and furnished medical attention; that a compensation agreement was approved on December 31, 1936, providing for the payment of compensation at the rate of $9.68 a week, beginning on August 9, 1936, during temporary total disability, not exceeding the period fixed by law; that on December 18, 1936, plaintiff signed a final receipt showing the payment of $87.12, said receipt further reciting that plaintiff returned to work on October 11, 1936; that on July 30, 1938, plaintiff filed his application for the review of an award on account of a change in conditions, alleging that the disability of said employee on account of said injury has recurred since the date

of said award, that the disability of said employee on account of said injury has increased since the date of said award, that said injury has resulted in a permanent partial impairment; that on July 30, 1938, plaintiff filed his application Form No. 9, for the adjustment of a claim for compensation; that on August 16, 1938, plaintiff filed his amendment to Sections 14 and 18 of plaintiff's application Form No. 9 heretofore filed on July 30, 1938.

"And the full Industrial Board now finds that all of the questions raised by plaintiff's application Form No. 9 as amended, heretofore filed on August 16, 1938, were adjudicated by Form No. 12 agreement entered into between the plaintiff and the defendant on December 18, 1936, and approved by the Industrial Board on December 31, 1936; that thereafter, and more than five days prior to the setting of this cause for hearing on January 17, 1939, defendant filed its special answer in two paragraphs to plaintiff's application Form No. 14 for the review of an award on account of a change in conditions heretofore filed July 30, 1938, raising the question of jurisdiction of the Industrial Board to hear and determine the issues raised by plaintiff's application Form No. 14.

"And the full Industrial Board now finds for the defendant on the fourth allegation of its special answer in this: that more than one year had expired since the last date of payment of compensation under the agreement approved by the Industrial Board on December 31, 1936.

"And the full Industrial Board further finds that plaintiff's total disability has ended and did end as of October 11, 1936, and that said disability has not recurred.

## AWARD

"It is therefore considered and ordered by the full Industrial Board of Indiana that plaintiff shall take nothing by his complaint herein and that he shall pay the costs of this proceeding."

It is from the above award that this appeal was prosecuted. One of the errors assigned is that the award of the full board is contrary to law. This assignment presents for review all questions sought to be raised.

At the outset it should be mentioned that in so far as we are informed by the appellant in his brief the Industrial Board heard all evidence tendered by him save and except one single item that was clearly unrelated to the controversy and properly excluded but the appellant has not seen fit to bring before this court, enough of said evidence to present any question thereto, and in fact makes no contention in his brief that there were any erroneous rulings as to the evidence save and except the one item above referred to.

The record as presented to us shows in substance, among other things: that on August 1, 1936 the appellant received an injury by an accident arising out of and in the course of his employment by the appellee; that on December 29, 1936 there was filed with the Industrial Board on form 12 of the board, an agreement between the appellant and the appellees as to compensation which said agreement was approved by the board on the 31st day of December 1936; that said agreement stated the facts in relation to the accident and injury to be that it occurred August 1, 1936 by a fall from a broken trestle upon which the employee was working, resulting in shock and ''that the said Arthur E. Dunsizer shall receive compensation at the rate of $9.69 per week based upon an average weekly wage of $17.60 and that said compensation shall be payable from and including the 9th day of August (month) 1936 until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Indiana''. At the same time the said agreement was filed there was also

filed with the board on form 28 of the board the appellant's receipt purporting to be in final settlement of said compensation and reciting that he had been paid the total sum of $87.12 "in final settlement and satisfaction of all claims for compensation for temporary disability, total disability and permanent partial impairment, subject to review as provided by law on account of injuries suffered by Arthur E. Dunsizer on or about the first day of August 1936 while in the employ of Arthur J. Wolf Construction Company. I returned to work on the 11th day of October 1936". The matter stood that way until July 30, 1938 which was the day before the 2-year statute of limitations would run from the date of the injury, when the appellant filed his verified application for the adjustment of his claim for compensation. This was filed on what is commonly referred to as form 9 of the board and was a claim for disability. It was so recognized by the appellant as is evidenced by the fact that on August 16, 1938 he filed a verified amendment to his said application in which he alleged that in addition to the averments contained in the previous application he now asked compensation for "permanent partial impairment" also. This amendment came more than 2 years after the date of the injury which was on August 1, 1936. It attempted to bring into the application a new cause of action to wit: an action for an original or concurrent impairment which was barred by the statute of limitations. See: §24 of the Indiana Workmen's Compensation Act, Acts 1929 p. 537, §40-1224 Burns 1933, §16400, Baldwin's 1934. See also *Pettiford* v. *United Department Stores* (1935), 100 Ind. App. 471, 479, 196 N.E. 366. Wherein it was said: "If an impairment such as is contemplated in the schedule of section 31 of the Act occurs at the time of the accident, and if an award of compensation is

based upon disability alone then it is obvious that a right of action still lies for the impairment, which may be prosecuted at any time within 2 years after the accident. That is to say, that in the situation just supposed there are in fact two causes of action, one for the disability, if there be a disability and one for impairment, if there be an impairment, and section 24 of the Act governs the bringing of either or both of said causes of action. If, however, the impairment does not flow directly from the accident but is resultant at a later time, then if there be an award for the disability, the cause of action for the resultant impairment'' is governed by the one-year statute of limitations as provided by section 45 of the Act.

Where, as in the instant case the parties have entered into an agreement for compensation and the same has been approved by the board, then such agreement so approved will have the force and effect of an award and shall be enforceable as such. See section 57 of the Act. When an award is properly and legally made by the full board it becomes final and conclusive between the parties as to the subject-matter covered by it, subject only to the right of appeal to this court as provided by law and subject also to the right to have it changed or modified as provided by sections 45 of the Act. The orderly and usual proceeding provided for by the Act does not contemplate the filing of repeated applications for an original award upon a subject-matter that has been the subject of a previous award. Form 9 of the board is the appropriate form to be used in an original application for an award and form 14 of the board is appropriate for use in proceedings under said section 45 for a change of conditions. In liberalizing the practice before the board this court has held that the mere use of the said forms erroneously, the one for the other

will not of itself deprive the board of jurisdiction if the form used contains the necessary allegations to cover the relief sought. The appellant in the instant case, filed applications on both forms simultaneously and therefore there is no room here for the application of the principle last above announced. From what has been said it is clear that when the said agreement was filed and approved by the board it became final and conclusive between the parties on all matters covered by it. There was no appeal taken from it. Form 9 was not the appropriate remedy for a change of conditions if there be any such change. The board was therefore correct in its conclusion that the matters attempted to be presented to it under the form 9 application had been formerly adjudicated by said agreement and the approval by the board. What we have said as to said agreement and its approval by the board and the final receipt is based upon the further fact that in the instant case there is no charge whatever that there was any mistake, fraud or overreaching as to them or either of them. We are not called upon in this opinion to discuss the effect of mistake, fraud or overreaching or the like, as the same might affect such an agreement, approval and receipt or any one of them for the reason that no such claim is made in the instant case. The final receipt acknowledged that all disability of the appellant had ceased and that on October 11, 1936 he went back to work.

But as heretofore stated the appellant also filed concurrently with the filing of said application under form 9, his application under form 14 of the board. In this application, which was upon the appropriate form for an application for a modification of the award on account of a change of conditions the appellant asked that the award of the board theretofore made be reviewed on account of a

change in conditions upon the grounds that the disability had recurred since the date of the original award; that the disability had increased since the date of said award and that there had been a resultant permanent partial impairment and that it had increased since the date of the award. This was clearly not an application for an original award and was not so treated by either the board or the parties. So far as an impairment is concerned, it falls within the rules laid down in the Pettiford case, supra, that "if, however, the impairment does not directly flow from the accident but is resultant at a later time, then if there be an award for the disability the cause of action for the resultant impairment must be commenced within 1 year from the termination of the period of disability as fixed in the award for the reason that §45 of the Act controls as to the time to bring such action. Such resultant impairment in the case last supposed amounts to a change of conditions as contemplated in section 45 of the Act." In *Miles* v. *Indiana Service Corporation* (1933), 97 Ind. App. 400, 404, 185 N. E. 460, a case of the same type as the instant case on the particular question now under consideration, the court said:

"Section 45 of the statute, part of which is quoted above, provides that no application for the review of an award on account of a change in conditions shall be filed after the expiration of *one year* from the termination of the compensation period fixed in the original award. Therefore, the question here is, When did the compensation period fixed in the original award terminate? The language used in the statute is, 'In the original award'. In this case, like many others, the termination of the compensation was not fixed in the agreement upon which the original award was made. It is evident that in cases of this kind, where total temporary disability cannot be fixed

definitely as to its termination, such termination of the compensation period of necessity must be fixed by the Industrial Board so that in effect that part of section 45 supra, should be construed to read: 'One year from the termination of the compensation period fixed in the original award' or by the Industrial Board.

"Courts have no authority to make contracts or to read into statutes that which is not within the clear intent and meaning of the act. Since these compensation cases are under jurisdiction of the Industrial Board, which is continuing jurisdiction, it must be held of necessity that the Industrial Board has the power to fix the termination period for compensation in cases of this character. The Industrial Board having found as a fact, that the temporary total disability of appellant ended on February 18, 1929, and there being evidence to support this finding, this court will not disturb it. Since this application for a review of the award on account of change in conditions was not filed until the twelfth day of August, 1931, more than one year after the termination of the compensation period as founded by the Industrial Board, it was filed too late, and the Industrial Board has no authority under section 45, supra, to make any modification of the original award herein."

The instant case presents the identical questions decided in the Miles case, supra, as shown by the above quotation from that case. The board herein found that the appellant's "disability has ended and did end as of October 11, 1936 and that said disability has not recurred". That date happened to be the date fixed in the said final receipt of the appellant. The board, however, was not bound by the date in said receipt but could fix that date or any other date warranted by the evidence. We have read all of the stipulations and the evidence although not presented by the appellant in his brief. It is ample indeed to sustain that finding.

The appellant has made no showing before us that he suffered an impairment at or near the time of the injury which flowed concurrently therefrom. The record also shows that more than one year had elapsed since the disability ended and the date of the filing of said application, to wit July 30, 1938.

For the reasons stated the award is affirmed.

Stevenson, J., dissents.

Laymon and Dudine, J. J., concur in result with statement.

## CONCURRING STATEMENT

Concurring statement by Dudine and Laymon, JJ.

We concur in the result reached in the opinion of Curtis, J., because of the finding by the full Industrial Board that appellant's total disability "has ended and did end as of October 11, 1936, and that said disability has not recurred." We must presume that such finding is sustained by the evidence, since the evidence is not before us.

We do not, however, concur with the opinion in so far as it holds that appellant's application for compensation on account of change of conditions was filed too late, that the statute of limitations, as provided in Section 45 of our Industrial Act, had run against the filing of said application, or that the Industrial Board had no authority to award compensation. The case of *Miles* v. *Indiana Service Corporation* (1933), 97 Ind. App. 400, 185 N. E. 460, cited and relied upon in the opinion as the authority to sustain the conclusion reached, should be overruled.

## DISSENTING OPINION

STEVENSON, J.—I cannot agree with the opinion of the court in this case. The Industrial Board of Indiana found for the appellee on its special answer rais-

ing the question of the jurisdiction of the Industrial Board to hear and determine the issues raised by the appellant's application submitted on Form No. 14. After hearing the evidence, they found that the plaintiff's total disability ended on October 11, 1936. They made no finding on the question of permanent partial impairment which might have been properly presented on their application Form No. 14, which was filed on July 30, 1938. The appellant had a right to file at any time within two years from the date of the original injury a claim for permanent partial impairment and this he did on Form No. 14, which he filed on July 30, 1938. *Briggs Indiana Corporation* v. *Davis* (1939), ante 177, 23 N.E. (2d) 285.

I accordingly cannot agree with the statement in the majority opinion that "this was not an application for an original award and was not so treated by either the board or the parties". The finding of the Industrial Board to the effect that the plaintiff's total disability has ended and did end as of October 11, 1936, did not constitute a finding on the question of permanent partial impairment. *Eureka Coal Co.* v. *Melcho* (1927), 85 Ind. App. 552, 154 N.E. 774; *Inman* v. *Carl Furst Co.* (1930), 92 Ind. App. 17, 174 N.E. 96; *Briggs Indiana Corporation* v. *Davis,* supra.

This question therefore has not been passed upon by the Industrial Board and the appellant was and is entitled to have the same determined. The approval by the Industrial Board of the agreement filed by the parties on December 29, 1936, which showed that compensation would be paid from the 9th day of August, 1936, until terminated in accordance with the provisions of the compensation law did not constitute an adjudication of the period of disability. Neither did the filing of the receipt, which showed disability to

have ended on the 11th day of October, 1936, constitute such an adjudication.

There is accordingly no foundation, in my opinion, for the finding of the Industrial Board that:

" . . . all of the questions raised by plaintiff's application Form No. 9 as amended, heretofore filed on August 16, 1938, were adjudicated by Form No. 12 agreement entered into between the plaintiff and the defendant on December 18, 1936, and approved by the Industrial Board on December 31, 1936."

The only agreement which the Industrial Board approved was that the appellant was entitled to the payment of compensation "at the rate of $9.68 per week beginning on August 9, 1936," and to continue "during temporary total disability, not exceeding the period fixed by law". The filing of the receipt in which the appellant recites that his disability and impairment has terminated added nothing to the award entered on that date.

It is evident therefore that the Industrial Board was in error when it found that more than one year had expired since the last date of payment of compensation under the agreement approved by the Industrial Board on December 31, 1936, as there is nothing in the record which shows that they approved any last payment. It is true that the Industrial Board may have considered the receipt signed by the appellant on December 18, 1936 as sufficient evidence upon which to conclude that all disability and all impairment terminated on October 11, 1936, but their finding covers only total disability and says nothing on the question of impairment. It was accordingly the duty of the board to find either for or against the appellant on this issue. This duty cannot be avoided by the application of the statute of limitations, as they

apparently did, by finding for the appellee on its special answer raising the question of jurisdiction. Sec. 45 of the Workmen's Compensation Act which deals with the time for filing application for review provides that:

> "The board shall not make any such modification upon its own motion, nor shall any application therefor be filed by either party after the expiration of one year from the termination of the compensation period fixed in the original award, made either by agreement or upon hearing."

It will be noted that the limitation period of one year begins to run from the termination of the compensation period "fixed in the original award". If, therefore, the termination of the compensation period is not fixed in the original award, there is no basis for the computation of the limitation period. If the case of *Miles* v. *Indiana Service Corporation* (1933), 97 Ind. App. 400, 185 N.E. 460, announces the principle that the Industrial Board of Indiana may, upon a hearing, find that the compensation period ended more than a year prior to the date of the filing of the application for a review of the award, and after such finding, may conclude that they are without jurisdiction to hear the matter, then, in my opinion, the case of *Miles* v. *Indiana Service Corporation,* supra, does not correctly interpret the statute, and should be overruled. Apparently, there is some doubt as to this contention for the Appellate Court in the case of *Grant Coal Mining Company* v. *Coleman* (1934), 98 Ind. App. 560, 187 N.E. 692, in discussing this contention with reference to the holding in the Miles case said (p. 565):

> "That contention is not the law and *Miles* v. *Indiana Service Corporation* does not support it. . . . . It does not hold . . . that an application for

> modification of an award cannot be filed more than one year after the period of disability has ceased.''

At any rate, it is my opinion that the statute of limitations does not begin to run except in cases where the compensation period has been fixed in the original award. This statute was passed for the benefit of the employer and if he desires to obtain the benefit of it, it would impose no hardship upon him to obtain a fixing of the compensation period if the same can be done at the time the original award is entered.

In the case at bar, it would have entailed very little time and trouble for the appellee to have presented to the board the facts contained in the receipt and to have obtained from the board a fixation of the compensation period as recited therein. Having failed to obtain this fixation, the appellee has deprived himself of the benefit of the statute. The Industrial Board was accordingly without authority to find that they were without jurisdiction in this case.

It is my opinion that the award of the Industrial Board should be reversed.