## SHAW v. ROSENTHAL.

[No. 16,967. Filed June 17, 1942. Rehearing denied October 21, 1942. Transfer denied December 4, 1942.]

*James V. Donadio, David N. Brewer,* both of Indianapolis (*Ross, McCord, Ice & Miller,* of Indianapolis, of counsel), for appellant.

*McClellan & McClellan,* of Muncie, for appellee.

FLANAGAN, C. J.—This is an appeal from an award of the Industrial Board granting appellee compensation

for forty-five weeks based upon a 30 per cent permanent partial impairment to his left eye.

Appellant contends that the evidence shows that appellee's impairment is 30 per cent without glasses, but only 10 per cent with glasses; and that compensation should be computed on the impairment with glasses under § 31 (f) of the Indiana Workmen's Compensation Act, § 40-1303, subsection F, Burns' 1933, § 16407, Baldwin's 1934, which reads as follows:

> "For the permanent loss of the sight of an eye or its reduction to one-tenth of normal vision with glasses, one hundred and fifty [150] weeks, and for any other permanent reduction of the sight of an eye, compensation shall be paid for a period proportionate to the degree of such permanent reduction."

We cannot agree with appellant's interpretation of the above section. It seems clear to us that it provides for two classes of impairment: (1) Industrial blindness; that is, permanent loss of sight or reduction to one-tenth of normal vision with glasses; and (2) any permanent reduction in sight but not to the point of industrial blindness. See *Eureka Coal Co.* v. *Melcho* (1927), 85 Ind. App. 552, 154 N. E. 774. In the latter class of cases the statute does not refer to vision with glasses.

While it is true as appellant urges, that the general purpose of the Workmen's Compensation Act is to compensate for functional loss, nevertheless those parts of the act which fix a definite amount of compensation for a specific injury are arbitrary in nature and are based not on loss of earning capacity but on actual physical loss.

We think the Industrial Board used the correct basis for its award.

Award affirmed with statutory 5 per cent increase.

NOTE.—Reported in 42 N. E. (2d) 383.