RIDLEY ET AL. *v*. STATE STORAGE, INCORPORATED.

[No. 14,467. Filed January 8, 1932.]

*E. Louis Moore*, for appellants.

*James L. Murray*, for appellee.

BRIDWELL, C. J.—On June 12, 1930, one Thomas Ridley was employed by the appellee, State Storage, Inc., and, on that day, he was injured as the result of an accident arising out of and in the course of his employment, his left shoulder being dislocated. An agreement for compensation was entered into between the injured employee and appellee, his employer, which was filed with and approved by the Industrial Board. Compensation was paid under this agreement from June 20,

1930, for a period of eight weeks. Appellee, on August 22, 1930, filed its application for review of the award on account of a change in conditions, alleging therein that disability ended on August 15, 1930. A date for the hearing of this application was fixed, but the hearing was continued, and, on October 31, 1930, the said Thomas Ridley died from pulmonary tuberculosis without such application having been heard. Following the death of said employee, the appellants herein, who are the surviving widow and children of the deceased employee, filed their application as his dependents for adjustment of their claim for compensation, such application being filed on January 28, 1930. By agreement of parties, both applications were heard and determined by the Industrial Board at one hearing, held by a member of the board, who made and entered an award. An application for review by the full board of the original award was duly made, and a hearing by the full board resulted in a finding and award for the appellee on each of the applications submitted, said finding and award being made by a majority of the members of the Industrial Board.

On the application filed by appellee because of an alleged change in condition, the Industrial Board found as a fact that the disability of the said employee on account of the injury received by him on June 12, 1930, ended on August 15, 1930, and that the finding thereon should be for appellee.

On the application filed by appellants as dependents of the deceased employee, the finding is as follows: "A majority of the members of the full Industrial Board further find from the evidence that the death of said employee, which occurred on October 31, 1930, was not the result of the accidental injury received by him on the 12th day of June, 1930, and that the finding on plaintiff's application for adjustment of claim for com-

pensation, filed herein on Jan. 28, 1931, should be for the defendant, and that the plaintiffs take nothing by said application."

Appellants perfected this appeal, and, under the assignment of errors made, contend that the finding of facts upon which the award is based is not sustained by sufficient evidence and that the finding and award are contrary to law.

Appellee admits dependency, and the question in dispute is as to whether there was any causal connection between the injury and the subsequent death. This is a question of fact to be determined by the Industrial Board, and the finding of said board is binding upon this court when there is any competent evidence to support it. The Indiana Workmen's Compensation Act of 1929, §61. (Acts 1929 p. 536.)

There is a conflict in the evidence. All medical witnesses agree that death was caused by pulmonary tuberculosis. Some of the witnesses testify that the injury received might be a predisposing cause of the disease from which the deceased employee died, and express the opinion that, if decedent was afflicted with latent tuberculosis, the injury could and, in their opinion, did accelerate the disease and caused it to become active, bringing about death when otherwise decedent might have lived for a much longer period of time. Others testify to the contrary, and express the opinion that the injury did not produce or aggravate any pulmonary tuberculosis. This court, by an unbroken line of decisions, has consistently held that it cannot weigh the evidence. This proposition is so well established that no authorities need be cited. There is competent evidence to sustain the finding as to each of the applications.

Appellee filed its motion to dismiss this appeal, and by said motion calls our attention to the fact that ap-

pellants have failed to comply with the rules of this court in presenting the appeal. The method followed by appellants in their presentation of the appeal is not to be commended, but we have preferred to decide the case on its merits, and, for this reason, the motion to dismiss is overruled.

Finding no reversible error, the award is affirmed.