FLESCHNER *v.* FAGG.

[No. 14,520.   Filed March 30, 1932.   Rehearing denied July 27, 1932.]

686

*Burke G. Slaymaker, Clarence F. Merrell, Theodore L. Locke* and *Joseph G. Graham,* for appellant.

KIME, J.—This is an appeal from an award of the full Industrial Board of Indiana. It is admitted that appellees' decedent was killed by an accident arising out of and in the course of his employment and that the appellees are dependents. The only controversial feature necessary to an award is the average weekly wage. The board found that the average weekly wage was $30.00 and awarded compensation at the rate of $16.50 per week. The appellant contends that the average weekly wage was $20.36 and that the compensation should have been $11.20 per week. The error assigned is the statutory assignment that the award is contrary to law.

It appears by undisputed evidence that Clarence Fagg, deceased employee, was a coal miner employed by the appellant to dig coal in a small country wagon mine operated on an open shaft basis. That he began work on December 9, 1930, and was killed on February 14, 1931. The mine did not work every day but only on such days as "it had business." Fagg worked every day that the mine was operated for hoisting coal. He was paid 65 cents a car for each car loaded. Inclusive of the above dates he and the mine actually worked 33 days. He loaded during this time 307 cars or a daily average of nine and approximately one-third cars.

Section 73 of the Indiana Workmen's Compensation Act of 1929 says: "In this act unless the context other-

wise requires . . . (c) "Average weekly wages shall mean the earnings of the injured employee in the employment in which he was working at the time of the injury."—etc.—describing the method where the employment has extended over a period of more than fifty-two weeks. It then continues, "Where the employment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed, provided results just and fair to both parties will be thereby obtained."

The appellant contends that the board should have taken the amount actually earned from December 9 to February 14 and divided it by the number of weeks in that period to arrive at the average weekly wage.

The appellant overlooks the fact that the board has some discretion here. The law says that the board must use the method set out *if* results just and fair to both parties will be obtained. The board has exercised its discretion and there is no complaint that they have abused that discretion. The board in effect found that the method suggested would not produce just and fair results. They evidently took into consideration, and justly so, that Fagg had held himself in readiness to work any and every day during this period as a legitimate inference from the fact that he did work every day that the mine worked. And that the employee should not in this particular case be penalized by reason of enforced idleness.

A statute exactly like our statute was interpreted by the courts of Alabama and the discretionary powers of the hearing body upheld. Alabama Code of 1928, sec. 7551, clause (g). *Garrison* v. *Woodward Iron Co.* (1923), 97 Sou. 64. The court there used this language, which we approve: "It must be observed that the

method provided in this subdivision is not mandatory, as it contains a proviso giving the trial court the right to determine if said method will produce just and fair results to both parties. The trial court in effect found that, owing to the brevity of the employment, the spasmodic and interrupted nature of same, due to industrial conditions then existing, the method there set forth would not furnish a just and fair basis of the average weekly earnings of the intestate, and we cannot hold, as a matter of law, that the trial court was wrong in this respect."

This case was followed and amplified in a case *precisely* in point with our case. Again interpreting the same statute here involved. *County Coal Company of Alabama* v. *Bush* (1926), 109 Sou. 151.

These are the only cases we have been able to find where this particular section has been interpreted and we believe they are sound. They have not been distinguished or overruled by the courts of Alabama. No attempt here has been made by appellant to distinguish these cases or cite any relative to a similar statute. We do not have the benefit of a brief from the appellees, but realizing that a widow and five small children are dependent upon the outcome of this litigation we have considered it very carefully and not endeavored to penalize them for failure to file briefs.

The legislature here vested in the Industrial Board certain discretionary powers. That discretion was wisely exercised. The award is not contrary to law.

The award of the Industrial Board of Indiana is affirmed and it is ordered that the award be increased ten per cent.