LENNE *v.* BINKLEY MINING COMPANY.

[No. 15,090. Filed December 13, 1933.]

*Stanley E. Stohr,* for appellant.

*Will C. Hays, Hinkle C. Hays, Alonzo C. Owens, John S. Taylor* and *J. Olias Vanier,* for appellee.

SMITH, J.—This appeal is from an award by the full Industrial Board of Indiana, in which the appellant was given compensation of $9.15 a week for 12-6/7 weeks on account of injuries received in an accident arising out of and in the course of his employment by appellee.

Appellant assigns as error that the award of the full Industrial Board is contrary to law.

The only question presented is, What was the average weekly wage of appellant?

Appellant was employed by appellee in its mine, known as the Binkley No. 3 mine, and his wages were paid by the ton, and amounted to more than $5.00 per day for each day he worked; that on February 21, 1933,

appellant was coming down a hill from the wash house to the shaft of the mine and tripped over a pickhandle and fell, and was injured; that he continued to work up to and including February 27, 1933, and was disabled from working thereafter until and including the 4th day of June, 1933.

The Industrial Board found that appellant became disabled as a result of his injuries on the 28th day of February, 1933, and that this disability continued up to and including the 4th day of June, 1933.

It is further shown that the appellee mining company was not operating its full force at full time; that from October 1, 1932, to February 28, 1933, appellant worked intermittently, and during said period, actually worked 43 days over this period of 14½ weeks, and his total earnings for that period were $241.36. The Industrial Board found that appellant's average weekly wage was $16.44. It further appears that during the time appellant worked the employees at the mine were splitting their time; that is, part of the force worked one day, and the other portion the succeeding day, during the time that the mine was in operation; that the average number of days that appellant worked during a week would be two or three days, and in no week did he work six days; that the company did not have enough business to use all the men every day, so the men made arrangements among themselves for half of them to work one day, and the remaining half the next day that the mine worked.

Appellant contends that in determining his average weekly wage under the Workmen's Compensation Act, section 73, paragraph (c), the days appellant failed to work through no fault of his own should be deducted, and the weeks and parts thereof remaining divided into his total earnings to determine his average weekly wage; that in the instant case, after deducting the time

lost, there were 7-1/6 work weeks during which appellant earned $241.36, or $33.53 per week.

Appellee contends that the Industrial Board, under said act, arrived at the average weekly wage of appellee in the correct manner and in the only way said act could be properly interpreted. That portion of the act under consideration (Section 73, *supra,* Burns Supp. 1929, §9518, Baldwin's Ind. Ann. Stat. 1934, §16449), provides:

> "(c) 'Average weekly wages' shall mean the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of injury, divided by fifty-two; but if the injured employee lost seven or more calendar days during such period, although not in the same week, then the earnings for the remainder of such fifty-two weeks shall be divided by the number of weeks and parts thereof remaining after the time so lost has been deducted. Where the employment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed, provided results just and fair to both parties will thereby be obtained."

According to the evidence, the arrangement for the men to split time was made themselves, so that the entire force should have some work rather than a portion having full time and the other portion remaining idle. The act above quoted provides:

> "Where the employment prior to the injury extended over a period of less than 52 weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed, provided *results just and fair to both parties will thereby be obtained."* . . . .

·It will be noted that the Industrial Board has discretionary power in cases similar to this in the matter of determining the average weekly wages so that the results shall be *just and fair to both parties*.

Here, the appellant voluntarily split his time with his fellow employees, and was not deprived of work during the full time that the mine operated, except by the arrangement among the employees themselves, which was sanctioned by the appellee.

The question of what was *just and fair* in determining the average weekly wage is a question of fact to be found by the Industrial Board; and, they having determined what was just and fair, and having discretionary power to do so, and no abuse of such discretion being shown, this court can not disturb such finding. In a recent case of *Fleschner* v. *Fagg et al.* (1932), 94 Ind. App. 685, 180 N. E. 487, this court said:

"The law says that the board must use the method set out if results just and fair to both parties will be obtained. The board has exercised its discretion and there is no complaint that they have abused that discretion. The board in effect found that the method suggested would not produce just and fair results."

The statute itself provides how the average weekly wage shall be determined where the employment prior to the injury was less than 52 weeks; that to arrive at the weekly wage, the earnings of the employee during the period which he worked shall be divided by the number of weeks and parts thereof "during which the employee earned wages," provided the results are just and fair to both parties. The board found that the time during which the appellant earned wages was 14½ weeks, and the total sum earned, $241.36, or an average weekly wage of appellant of $16.64.

Since the board, in arriving at the weekly wages of appellant, in effect, found that the results reached were just and fair to both parties, their action will not be disturbed upon appeal.

The award of the Industrial Board is not contrary to law, and is therefore affirmed.