## McCOSKEY ET AL. *v.* ARMSTRONG.

[No. 15,067.   Filed December 20, 1933.]

*Frank S. Houston* and *Connor D. Ross,* for appellants.

*James W. Noel, Hubert Hickam, Alan W. Boyd, Robert D. Armstrong* and *R. Nevin Stall,* for appellee.

DUDINE, J.—This is an appeal by the dependents of Harold McCoskey, a deceased employee, from an award of the full Industrial Board, giving them compensation for three hundred (300) weeks at the rate of three dollars ($3.00) per week.

All the evidence was stipulated. The pertinent parts of the stipulations of evidence were as follows:

"It is agreed that Harold McCoskey was in the employ of George W. Armstrong, Salem, Indiana, on December 28, 1932. That during the year 1932, he was paid at divers times the total sum of $48.50 by George W. Armstrong. . . .

"That the injury which Harold McCoskey sustained resulting in his death, was due to an accident arising out of and in the course of his employment. . . .

"That the deceased Harold McCoskey was to receive as compensation for his services rendered to George W. Armstrong on the day of the accident which resulted in the death of Harold McCoskey,

the sum of $3.00, which was the usual and ordinary compensation received by workmen for services of the character rendered in the community where the said George W. Armstrong operated and conducted his business. That the said service so rendered and referred to herein consisted in driving from the town of Salem, Indiana, to the city of Cincinnati, Ohio, to procure and drive back from said city of Cincinnati, Ohio, to said town of Salem, Indiana, new cars purchased by the said George W. Armstrong. . . .

". . . that the said Harold McCoskey while in the employment of George W. Armstrong, did not make more than one trip per week. . . ."

It was further stipulated that Harold McCoskey left surviving him, appellants herein, as his dependents.

The Industrial Board found that McCoskey's average weekly wage was three dollars, and awarded appellants "compensation in equal shares at the rate of $3.00 a week for a period of three hundred weeks. . . ."

Appellants assign as error that the award is contrary to law, and contend that the award is too low, "and that the fixing of an average weekly wage,' as a basis of compensation, at less than $16.00 per week is in violation of the statute governing said board."

We will dispose of said last contention first, by referring to the first proviso in section 40 of the Workmen's Compensation Law (§40, ch. 172, Acts 1929, p. 536, §16416, Baldwin's Ind. Ann. Stat. 1934.) It provides that the average weekly wage of an employee shall be considered to be not less than sixteen dollars "provided that the weekly compensation payable, shall in no case exceed the average weekly wages of the employee at the time of the injury." We consider that proviso to be so clear that it needs no construction. It clearly provides that the injured employee shall not receive more compensation per week, than the amount of his average weekly wage at the time of his injury.

The weekly compensation of employees, whose average weekly wages were $16.00, or are considered to be $16.00 is 55 per cent of $16.00, or $8.80. (See sec. 30, Work. Com. Law, §16406, Baldwin's 1934.) If sec. 40, *supra*, did not contain said proviso, an employee whose average weekly wages were $5.00 or any amount not exceeding $16.00, who suffered an injury and disability comprehended by the Workmen's Compensation Law, would receive weekly compensation in the sum of $8.80; thus, in instances where the average weekly wages were less than $8.80, the employee would receive more compensation than the amount of his average weekly wages at the time of his injury. Said proviso avoids all such results. It provides that if the employee's "average weekly wage" is less than $8.80, the amount thereof is the maximum compensation which may be awarded him.

The term "average weekly wages," as used in said proviso has the same meaning as it has when used in the first sentence of sec. 40, *supra*. The compensation to which appellants are entitled cannot be determined until the "average weekly wages" of decedent, at the time of the injury, are determined.

The term "average weekly wages" is defined by sec. 73, subsection C, of the Workmen's Compensation Act. (Acts 1929, ch. 172, p. 536, §16449, Baldwin's Ind. Ann. Stat. 1934.) Said subsection designates what the term shall mean in five types of cases namely: (1) Where the employee worked in the employment in which he was injured during the year preceding the injury, and did not lose more than six days in said year; (2) where the employee worked in the employment in which he was injured during the year preceding the injury and lost seven or more calendar days during said year; (3) where the employment prior to the injury extended over a period of less than fifty-two weeks; (4) where by reason of the shortness of time during which the employee

has been in the employment, it is impracticable to compute the average weekly wages as defined in said 1st, 2d, or 3d types of cases; (5) where by reason of the casual nature or terms of the employment, it is impracticable to compute the average weekly wages as defined in the 1st, 2d or 3d, types of cases.

The stipulation of evidence shows that decedent was paid at "divers" times. The Industrial Board found that the employment was "staggered employment." We hold that the employment was of said 5th type.

Said subsection C provides that where the employment is of said 5th type "regard shall be had to the average weekly amount which during the fifty-two weeks previous to the injury was being earned by a person in the same grade employed at the same work by the same employer, or if there is no person so employed by a person in the same grade employed in that same class of employment in the same district."

There was, however, no evidence or stipulation of evidence, as to the average weekly amount which *during the fifty-two weeks previous to the injury* was being earned by a person in the same grade employed at the same work by the same employer, nor, by a person in the same grade employed in that same class of employment in the same district; consequently the Industrial Board could not have had regard to the average weekly wages to which subsection C, *supra,* required them to have regard, and the Industrial Board *could* not render a legal award.

It might be contended that the stipulation that $3.00 "was the usual and ordinary compensation received by workmen for service of the character rendered in the community where the said George W. Armstrong operated and conducted his business," supplied the evidence necessary to compute the average

weekly wages in the instant case. That stipulation is evidence of amount earned by a person in the same grade in the same class of employment in the same district for *one day*, but not *during the fifty-two weeks previous to the injury*.

It might be contended that this court is bound by the finding of the Industrial Board that decedent's average weekly wage was $3.00. We disagree with such contention, because as we have herein indicated, said finding is not sustained by the evidence.

Appellants and appellee cite *Fleshner* v. *Fagg* (1932), 94 Ind. App. 685, 180 N. E. 487, in support of their respective contentions that the award is and is not contrary to law. Said decision is inapplicable to the instant case inasmuch as it was a case of the 3d type of cases referred to herein, and sec. 73, subsec. C, provided that average weekly wages, in cases of said type, be computed in a way which is different than the method prescribed for cases like the instant case, designated herein as 5th type.

Sec. 73, subsection C, requires that one of the five methods of computing average weekly wages be pursued in every case. The Industrial Board has no discretion in the matter of adopting or refusing to adopt the prescribed method of computing average weekly wages, in cases of the respective types except in cases of the 3d type.

Since the Industrial Board did not have sufficient evidence before it to enable it to render a legal award, the award is reversed, and this cause is remanded to the Industrial Board with instructions to hear evidence as to "the average weekly amount which during the fifty-two weeks previous to the injury was being earned by a person in the same grade employed at the same work by the same employer, or if there is no person so employed by a person in the same grade employed in that

same class of employment in the same district," and to have regard to such evidence in the determination of this cause, and that further proceedings be not inconsistent with this opinion.