HOLTON *v*. JACKSON HILL COAL AND COKE COMPANY.

[No. 15,205.   Filed December 5, 1934.]

*John A. Riddle* and *Stanley E. Stohr,* for appellant.

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, John S. Taylor, J. Olias Vanier,* for appellee.

BRIDWELL, J.—Appellant, while employed by appellee, received an injury by reason of an accident arising out of and in the course of his employment. He filed his application for an adjustment of his claim for compensation with the Industrial Board and such proceedings were had as resulted in an award in his favor at the

rate of $8.80 per week for three and five-sevenths (3 5/7) weeks, made by the full board on hearing an application for review. From this award he appeals, assigning as error that the award is contrary to law.

It is the contention of the appellant that the Industrial Board erred in finding, from the evidence given in the case, that his average weekly wage was $10.27, and in basing its award on the minimum weekly wage of $16.00, provided for by statute. (Acts 1929, p. 537, §40.)

The finding of facts is as follows: "(1) That the plaintiff was employed by defendant on and prior to the 7th day of July, 1933, at an average weekly wage of ten dollars and twenty-seven cents ($10.27) per week. (2) That on said 7th day of July, 1933, plaintiff sustained an accidental injury to his left eye, arising out of and in the course of his employment, of which said injury defendant had due notice. (3) That said injury resulted in temporary total disability of the plaintiff up to and including the 9th day of August, 1933. (4) That plaintiff is entitled to recover compensation as against defendant in the sum of $8.80 per week, beginning on the 14th day of July, 1933, and continuing to and including the 9th day of August, 1933, or a total of 3 5/7 weeks."

There is evidence to prove that within the 52 weeks prior to the accident, which occurred on July 7, 1933, the appellant had worked 62 days and earned a total of $404.84; that from February 1, 1933, to the date of the accident appellant and the other employees of appellee working for it in its coal mine, were working on a "split-time basis," and during this period of time the mine worked 53 days and appellant worked 28 days, earning $215.63. There is no evidence as to when appellant entered the employment of appellee, and it can not be determined from the evidence whether the em-

ployment prior to the injury extended over a priod of less than fifty-two weeks, or otherwise. While there is evidence showing how many days the mine worked and how many days appellant worked from February 1, 1933, to July 7, 1933, there is none to show how many days the mine worked within the 52 weeks immediately preceding the injury, nor to disclose whether appellant was working intermittently throughout the fifty-two weeks before the accident resulting in his injury occurred. It appears that appellant worked 28 days after February 1, 1933, and 62 days while employed, but whether the 34 days he worked before said February 1st was work done pursuant to an employment which extended over a period of time more or less than fifty-two weeks prior to July 7, 1933, does not appear from the evidence.

Under such a state of the record the Industrial Board did not have before it evidence from which it could properly determine appellant's average weekly wage in accordance with the statutory provisions for so doing (Acts of 1929, *supra,* §73, Cl. "c"), and the evidence is not sufficient to sustain the finding of facts in this respect. See, *Miller* v. *Binkley Mining Co.* (1934), *ante* 257, 190 N. E. 886.

The award is reversed with instructions to vacate the same; to grant a rehearing of the application, and for further proceedings not inconsistent with this opinion.