HOLTON *v*. JACKSON HILL COAL AND COKE COMPANY.
[No. 15,525.   Filed December 20, 1935.]

*John A. Riddle* and *Stanley E. Stohr*, for appellant.
*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, John S. Taylor* and *J. Olias Vanier*, for appellee.

WOOD, J.—This is the second appeal of this case (see *Holton* v. *Jackson Hill Coal and Coke Co.* [1935], 99 Ind. App. 438, 192 N. E. 853), from an order of the full Industrial Board awarding compensation to appellant.

On the first appeal to this court, the award was reversed and remanded to the Industrial Board for further proceedings, for the reason that the evidence in the record on that appeal was not sufficient to sustain the board's finding of facts on which appellant's average weekly wage was determined. Following out the mandate in the former appeal, a single member of the board heard further evidence, and thereupon made an award of compensation. On review of this award by the full Industrial Board, it found appellant's average weekly wage to be $10.25 and awarded him compensation at the rate of $8.80 per week for the period of three and five-

sevenths weeks for total disability during that period of time.

Appellant appeals from this award assigning as error for reversal, that the award of the full Industrial Board is contrary to law.

The correctness of the average weekly wage as found by the board is the sole question presented for our consideration.

There is no conflict in the evidence. It discloses that the appellee was engaged in the operation of a coal mine. Appellant began working for appellee as a miner, August 23, 1926, and worked continuously for appellee in that capacity, never working for any other mine from that date until his injury, July 7, 1933. The mine where appellant worked was idle from April 1, 1932, until September 16, 1932, pending the adjustment and signing of a new contract, which was the same as the contract which expired April 1, 1932, except as to the scale of wages. September 16, 1932, the mine began operating under the new contract, and from that date to and including January 31, 1933, worked thirty-five days. Appellant worked thirty-four of the thirty-five days, and earned the total sum of $181.02. On February 1, 1932, the mine began operating on a "split time" basis, that is, part of the men would work one day and the other part would work the following day, for the purpose of distributing the work among all the men employed at the mine. This agreement was made by the mine operators and representatives of the miners' union. From February 1, 1933, to July 15, 1933, inclusive, the mine worked fifty-five days. Appellant worked twenty-seven days and earned $217.72. Appellant was paid by the ton in both instances for the coal he mined. The total number of days the mine worked from September 16, 1932, to and including July 15, 1933, was ninety days. The total number of days the appellant worked during the days that the mine worked was sixty-

one. His total earnings during that time were $398.74.

In determining appellant's average weekly wage the Industrial Board was evidently guided by the rule announced and the construction placed upon clause (c), sec. 73, Acts 1929, p. 537, sec. 40-1701, Burns 1933, sec. 16449, Baldwin's Ind. St. 1934, by this court in the case of *Lenne* v. *Binkley Mining Co.* (1933), 97 Ind. App. 680, 187 N. E. 842, which case was followed in *McCammon* v. *Templeton, etc., Co.* (1935), 99 Ind. App. 705, 192 N. E. 726. Because of the dis-similarity of the facts in those two cases and the case at bar, they are not controlling.

It is provided by sub-sec. (c), sec. 73, *supra,* that: " 'Average weekly wages' shall mean the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of injury, divided by fifty-two; but if the injured employee lost seven or more calendar days during such period, although not in the same week, then the earnings of the remainder of such fifty-two weeks shall be divided by the number of weeks and parts thereof remaining after the time so lost has been deducted."

We think the facts disclosed by the record in this case bring it within the rule announced in the case of *Miller* v. *Binkley Mining Co.* (1934), 99 Ind. App. 257, 190 N. E. 886.

The appellant began working for the appellee August 23, 1926, and was in the continuous employment of appellee from that date until his injury July 7, 1933, never working at any other place during that period of time. Appellant's mine was idle from April 1, 1932, until September 16, 1932, during which time a new contract was in the course of negotiation between appellee and the miner's union of which appellant was a member. The only difference between the new contract which was agreed upon and the old one expiring April

1, 1932, was in the scale of wages. The appellee did not permanently abandon and cease operation of its mine where appellant was employed, neither did it discharge him or permanently dispense with his services, nor did appellant quit or abandon his employment with appellee and seek employment elsewhere. Appellee only ceased the operation of its mine during the time in which a new contract was in process of negotiation, and immediately upon the resumption of operation appellant resumed his work as an employee in the mine. During the entire time from August 23, 1926, until the date of his injury, his employment or occupation, that which engaged and occupied his time was mining coal for appellee. Appellant had no other employment or occupation. The fact that the mine was idle, whatever the cause, did not change the nature or character of appellant's employment as a miner and that was his employment for the fifty-two weeks immediately prior to his injury. He lost some time during that period, so the formula set forth in the case of *Miller* v. *Binkley Mining Co., supra,* should be followed in determining appellant's average weekly wage.

During the fifty-two weeks immediately prior to his injury, appellant actually worked sixty-one days, or 10.166 weeks, during which time his total earnings amounted to $398.74. This sum divided by 10.166 weeks gives an average weekly wage of $39.22, so $16.50 is the amount of weekly compensation to which appellant is entitled.

The award of the full Industrial Board is reversed with instructions to enter an order awarding appellant compensation at the rate of $16.50 per week for a period of three and five-sevenths weeks to be paid in a lump sum.