## BOHN ALUMINUM & BRASS COMPANY, PLANT #9 *v.* ROBERT A. KINNEY.

[No. 2-772A28.  Filed January 31, 1973.]

*John M. Clifton, Jr., Barrett, Barrett & McNagny,* of Fort Wayne, for appellant.

*Edgar A. Grimm, Grimm & Grimm,* of Auburn, for appellee.

### CASE SUMMARY

BUCHANAN, P.J.—Review is sought by defendant-appellant Bohn Aluminum & Brass Company, Plant #9 (Bohn), from an affirmative award granted by the Full Industrial Board of Indiana (the Board) in favor of claimant-appellee Robert A. Kinney (Kinney).

We retain jurisdiction and return this case to the Board for further Findings of Fact.

### FACTS

In December of 1970, Kinney allegedly received an injury arising out of and in the course of his employment with Bohn, for which compensation was awarded at the rate of $57.00

per week for a period of nine weeks, plus medical expenses and attorney's fees.

The so-called "Findings of Fact" filed by the Board to support its award read as follows:

"The Full Industrial Board of Indiana having heard the arguments of counsel and having reviewed all the evidence in said cause and being duly advised in the premises therein, now finds on the 2nd day of December, 1970, plaintiff was in the employ of the defendant at an average weekly wage in excess of $95.000; that on said date he sustained personal injuries by reason of an accident arising out of and in the course of his employment with the defendant herein, of which said accidental injuries the defendant had knowledge but did not furnish the statutory medical attention and supplies; that said accidental injury consisted of an injury to the plaintiff's back; that as a result of the said accidental injury the plaintiff was temporarily totally disabled for intermittent periods of nine weeks, at the end of which said period of time the plaintiff's temporary total disability on account of the said accidental injury terminated.

It is further found that the plaintiff incurred medical expenses with one Dr. Clifford J. Shultz in the sum of $119.75.

That prior to the filing of plaintiff's application a good faith effort was made by said parties to adjust said claim, which effort resulted in a disagreement between said parties.

Said Full Industrial Board of Indiana now finds for the plaintiff and against the defendant on plaintiff's application Form 9 for the adjustment of claim for compensation filed on the 26th day of February, 1971. . . . Dated this 2nd day of June, 1972."

## ISSUE

For reasons that hereinafter appear, we do not decide this case on the merits and only consider whether the Findings of Fact by the Board are specific enough to enable this court to intelligently review the Board's award.

## DECISION

CONCLUSION—We conclude that this case should be returned to the Board for Findings of Fact specific enough to enable this court to intelligently review the Board's decision.

This court and our Supreme Court have repeatedly held that the Board's Findings of Fact in support of its decision must be specific enough with respect to contested issues to enable a reviewing court to intelligently review the Board's decision. The need for such specificity was particularly emphasized in our Per Curiam opinion in *Transport Motor Express, Inc.* v. *Smith,* 279 N.E.2d 262, handed down March 1, 1972. It was followed by *Robinson* v. *Twigg Industries, Inc.,* 151 Ind. App. 691, 281 N.E.2d 135, handed down April 21, 1972, *Johnson* v. *Thomas & Skinner, Inc.,* 152 Ind. App. 136, 282 N.E.2d 346, handed down May 15, 1972, and *Page* v. *Board of Commissioners of the County of Clay,* 152 Ind. App. 359, 283 N.E.2d 571, handed down June 14, 1972, each of which cases were returned for further specific Findings of Fact.

Then on December 4, 1972, we reversed the award of the Full Industrial Board in *Transport Motor Express, Inc.* v. *Smith,* 289 N.E.2d 737, ". . . with directions to discharge its statutory duty by finding the essential facts with sufficient specificity and in such pertinent detail that in event of an appeal this court will be able to make an intelligent reivew of the award based thereon. . . ."

The message has not been carried to Garcia, even though our Per Curiam opinion in the second *Transport Motor Express* case extensively examined and analyzed the authorities and we thought set up as explicit guidelines as are possible in this area of administrative law.

Speaking of the need for specificity we said:

". . . the specific findings we need are those which are relevant to the contested issues, the disputed issues, which is to say, the specific facts which are basic to the ultimate facts upon which the parties have been unable to agree."

A casual reading of the Findings of Fact before us indicates they fall deplorably short of the desired goal.

Obviously there are several contested issues. The parties

are unable to agree as to when Kinney was injured, where he was injured, how he was injured, and even whether he was injured in an accident arising out of and in the course of his employment with Bohn. The Findings totally fail to set out any facts which relate to these contested issues. The only statements contained within the Board's Findings are general conclusions that Kinney was in the employ of Bohn and that he did sustain an injury to his back by reason of an accident arising out of and in the course of his employment with Bohn. There is no indication of when Kinney was injured, where he was injured, how he was injured, or what he was doing when he was injured.

Since the Board has failed in its statutory duty to specifically find the facts in support of its award we return this case to the Board for further Findings of Fact. We do so recognizing that the hearing before the Board was held June 20, 1972, about three months after the first *Transport Motor Express* decision and six months before our second *Transport Motor Express* decision.

The Board is now directed to certify to this court, within thirty (30) days of this date, with copies to the parties and counsel of record, Findings of the specific facts upon which its award is based. Within thirty (30) days after such certification, the appellant may file in this court a supplemental brief, or within twenty (20) days after service of such supplemental brief, or within twenty (20) days after service of notice of waiver of the right to file such supplemental brief, or, if no brief or waiver is served upon the appellee, then within fifty (50) days after certification of the Findings of Fact, the appellee may file its supplemental answer brief. This court retains jurisdiction of this appeal for the purpose of disposition upon the merits following compliance by the Board and by the parties with the directions herein set forth.

Sullivan and White, JJ., concur.