BOHN ALUMINUM & BRASS COMPANY, PLANT #9 *v.*
ROBERT A. KINNEY.

[No. 2-772A28. Filed August 1, 1974.]

*John M. Clifton, Jr., Barrett, Barrett & McNagny,* of Fort Wayne, for appellant.

*Edgar A. Grimm, Grimm & Grimm,* of Auburn, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Review is sought by defendant-appellant Bohn Aluminum & Brass Company, Plant # 9 (Bohn), from an affirmative Award granted by the Full Industrial Board of Indiana (the Board) in favor of claimant-appellee Robert A. Kinney (Kinney) for temporary total disability resulting from injuries received by Kinney in operation of a payloader, claiming insufficient evidence and other errors by the Board.

We affirm.

## CASE HISTORY

When this case was first considered by us on January 31, 1973, it was determined that the Findings of Fact originally entered by the Board on June 2, 1972, were not sufficiently specific to enable this Court to intelligently review the Board's decision. *Bohn Aluminum & Brass Co.* v. *Kinney* (1973), 155 Ind. App. 164, 291 N.E.2d 705.

Therefore, it was remanded with directions to the Board to submit Supplemental Findings specifically setting forth the time Kinney was injured, where he was injured, the nature of his injuries, and whether the injuries occurred in an accident arising out of and in the course of his employment with Bohn—all contested issues.

In compliance the Board submitted Supplemental Findings of Specific Facts on February 27, 1973; they are set forth below.

## FACTS

The evidence before the Board most favorable to Kinney indicates the following:

On December 2nd, 1970, while operating a payloader on Bohn's premises, the backrest of the payloader's seat upon which Kinney was sitting became wedged in the arms of the payloader, causing him to be pinned between the back of the seat and the steering wheel, resulting in injury to his back.

Kinney went to the Plant nurse for medical attention

and referral to a doctor, but as the accident occurred near quitting time (5:00 P.M.) no referral was made.

The following day, Kinney visited his personal physician who prescribed medication for his back injury, which he continued to take for the next two and one-half weeks.

Kinney did not return to work until December 7, 1970, and continued working off and on until December 21, 1970, at which time he contacted the Plant nurse and described his back injury, whereupon he was instructed to see Dr. Shultz, the Plant physician. He diagnosed Kinney's injury as a lumbosacral myofascial sprain and prescribed medication, exercises and a lumbo sacral back support. At that time, Dr. Shultz considered Kinney "occupationally disabled" and directed him to remain off work.

Kinney continued under Dr. Shultz' care with weekly examinations until January 25, 1971, at which time he authorized Kinney to return to work, but limited his physical activities.

Kinney then returned to work on January 27, 1971, and continued under Shultz' care for an additional six weeks.

Kinney remained at Bohn working on and off as he was physically able. But he was told by Bohn that if he was incapable of working at the job assigned, he would be of no use to the company, whereupon Kinney terminated his employment on April 22, 1971.

Kinney testified he had no back problems prior to December 2nd, 1970, and that such problems had continued to the date of the hearing, November 10, 1971.

Kinney's claim was heard by a Hearing Member who, based on the foregoing evidence, awarded benefits for temporary total disability for a period of nine weeks, plus medical expenses. Thereafter, Bohn filed an Application for Review by the Full Board, and on February 27, 1973, the Board filed the following "Findings of Fact":

"That on the 2nd day of December, 1970, the plaintiff was working the so-called second shift at the defendant's

place of business and said plaintiff was in the process of driving a motorized-type vehicle which was called a payloader and was using said device to charge the furnaces at defendant's place of business.

"That at a time roughly approximating 5:00 P.M., during which time the plaintiff was steadily engaged in work for the defendant, and on December 2, 1970, the said plaintiff was charging one or more furnaces at the defendant's place of business using said payloader and the seat on said payloader shifted in some unknown or unexplained manner and the hydraulic arms or other working mechanics on said payloader shifted in such a fashion so as to push or press the seat upon which the plaintiff was seated and thereby pushed and pinned the plaintiff over against the steering wheel of said payloader and squeezed him between the payloader steering wheel and the payloader seat and the back thereof. That this event, pinning and squeezing the plaintiff, as hereinbefore set out, was an unusual and untoward event and the Board finds that it was in fact an accident arising out of and in the course of the plaintiff's work and employment for the defendant and that said accident took place on or about 5:00 P.M. on December 2, 1970.

"That as a result of said accident and more particularly the direct result of the squeezing and pinning of said plaintiff between the payloader steering wheel and the payloader seat, the plaintiff received an injury which was in the nature of an injury to his back.

"The Board further finds that as a result of the aforesaid accidental injury arising out of and in the course of the plaintiff's employment with the defendant on December 2, 1970, the plaintiff's injury, to his back, was such that he was unable to work and was temporarily totally disabled from working for a period of time commencing on or about December 3, 1970, and for a period, intermittent, of nine (9) weeks after said date.

"The Board also finds as a fact that the plaintiff incurred medical expenses in the sum of $119.75 which medical expense is found to be reasonable and which the defendant should pay to Dr. Clifford J. Shultz who provided such medical services for said plaintiff."

FULL INDUSTRIAL BOARD OF INDIANA

/s/ Robert W. McNevin
/s/ Richard J. Noel
/s/ Bryant D. Livengood
/s/ Richard J. Cronin

The foregoing facts were based upon testimony by Kinney, the Plant nurse, and Dr. Shultz.

## ISSUES

ISSUE ONE. Were the Findings of Fact entered by the Board supported by sufficient evidence of probative value?

ISSUE TWO. Did the Board err in excluding certain hearsay evidence offered by Bohn?

ISSUE THREE. Was the Award entered by the Board contrary to law because it granted Kinney benefits for nine (9) weeks of temporary total disability?

ISSUE FOUR. Were the Supplemental Findings of Specific Fact made by the Board in conformity with IC 1971, 22-3-4-7, Ind. Ann. Stat. § 40-1511 (Burns Supp. 1973)?

As to ISSUE ONE, Bohn contends that the evidence, as reviewed by the Full Board, cannot sustain the Findings of Fact entered by the Board because there is no substantial evidence to support them and further that there is no rational basis to support the Award. This contention is based upon testimony presented before the Hearing Member by Kinney's doctor to the effect that the injury was incon-

sistent with the type of injury normally resulting from such an accident, upon testimony from a fellow employee that Kinney continued bowling during the period in question, and upon proffered testimony by Bohn's paymaster to the effect that Kinney's wife stated his absence from work was because he hurt his back at home.

Kinney argues that this Court may not weigh the evidence, and accepting that evidence most favorable to him is of sufficient probative value to sustain the Findings made and Award entered by the Board.

As to ISSUE TWO, Bohn asserts that the Board erred by excluding proffered hearsay testimony to which objection had been made.

Kinney contends that the hearsay evidence offered by Bohn's witness was rightfully excluded by the Board because the testimony did not come within one of the exceptions to hearsay evidence, and the Board did not, therefore, abuse its discretion by refusing to hear such testimony.

As to ISSUE THREE, Bohn contends that the uncontroverted testimony proved that Kinney was absent from work as a result of his temporary total disability for a total of only thirty-eight (38) days during the nine (9) week period awarded by the Board.

Kinney argues that the evidence clearly proves the injuries resulting from the accident caused him to be absent from work a total of sixty-nine and one-half (69½) days during the three (3) month period in which he suffered from those injuries.

As to ISSUE FOUR, Bohn contends that the Supplemental Findings of Specific Fact made by the Board were not made by the Full Board and are, therefore, contrary to the Statutes of this State.[1]

---

1. This Issue was raised by Bohn in its Supplemental Brief filed with this Court pursuant to our directive in *Bohn Aluminum & Brass Company, Plant # 9* v. *Kinney, supra.* Kinney filed no Supplemental Answer Brief as permitted by that decision, and accordingly leaves this Issue uncontested.

## DECISION

**ISSUE ONE.**

CONCLUSION—It is our opinion that there was sufficient evidence of probative value presented before the Hearing Member, as reviewed by the Full Board, to sustain the Findings of Fact.

Courts of appeal are reluctant to disturb administrative findings of fact.

IC 1971, 22-3-4-8, Ind. Ann. Stat. § 40-1512 (Burns 1965) states: "An award by the Full Board shall be conclusive and binding as to all questions of (the) facts. . . ."

It has been repeatedly stated by this and the Indiana Supreme Court that review of an Award made by the Industrial Board which questions the sufficiency of the evidence upon which the Board based its Findings, will be limited:

"... to an examination of the evidence to ascertain whether the Finding of the Industrial Board does not rest upon substantial factual foundations. We may reverse the Award only . . . (1) If it should appear that the evidence upon which the Industrial Board acted was devoid of probative value; (2) That the quantum of legitimate evidence was so proportionately meager as to show that the Finding does not rest upon a rational basis, or; (3) That the result must have been substantially influenced by improper considerations." *Pollock* v. *Studebaker Corp.* (1951), 230 Ind. 622, 625, 105 N.E.2d 513, 514.

On appeal, this Court cannot weigh the evidence heard by the Board to determine for whom it preponderates, and only if reasonable men would be bound to reach the opposite conclusion from the evidence in the record, may the decision of the Board be reversed. *See: Blue Ribbon Pie Kitchens, Inc.* v. *Long et al.* (1952), 230 Ind. 257, 103 N.E.2d 205; *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N.E.2d 399; *Vonnegut Hardware Co.* v. *Rose* (1918), 68 Ind. App. 385, 120 N.E. 608. *See also, Smith* v. *Graver Tank & Manufacturing*

*Co.* (1973), 158 Ind. App. 431, 302 N.E.2d 852; *Williamson Co.* v. *Review Board of Indiana* (1969), 145 Ind. App. 266, 250 N.E.2d 612; *Dormeyer Industries* v. *Review Board* (1962), 133 Ind. App. 500, 183 N.E.2d 351.

Bohn merely points to certain conflicts in the evidence, i.e., different dates given by Kinney as to the time of the accident and different accountings as to the exact nature of the accident; testimony that Kinney bowled after the accident; testimony of Dr. Shultz indicating the nature of the injury was not consistent with the manner in which it occurred.

However, there was substantial evidence presented that tended to support Kinney's claimed accident with the pay-loader and the resulting lumbo-sacral myofascial back sprain for which the Board awarded compensation for this temporary total disability.

It is well settled law in Indiana that where the Board is presented with conflicting evidence, and bases its Findings of Fact thereon, the Award will be sustained by this Court upon review, unless:

". . . reasonable men would have only reached a contrary conclusion on the same evidence, or that there is no evidence of substantial and probative value to support the Findings and Award of the Board as appellant asks us to do. "Under the settled law of this State we can only affirm the Award of the Board where the evidence is conflicting." *Shaffer* v. *Indiana Gas and Chemical Corp.* (1965), 137 Ind. App. 471, 475-76, 209 N.E.2d 919, 922. *See also, Ken Schaefer Auto Auction, Inc.* v. *Tustison* (1964), 136 Ind. App. 174, 198 N.E.2d 873.
In this latter case, this Court stated the following:
"An examination of the record discloses that the evidence presented to the Board was sharply conflicting. It has been held many times by this Court that if the evidence is conflicting or is susceptible to different conclusions the Award of the Board must be affirmed. *Teter* v. *Mid-State Poultry*

*and Egg Company* (1962), [134] Ind. App. [452], 184 N.E.2d 824, 826, and cases therein cited." 136 Ind. App. at 180, 198 (N.E.2d at 876.

This Court is not entitled to weigh the credibility of witnesses [*See: Square D Co. v. O'Neal* (1946), 117 Ind. App. 92, 96, 66 N.E.2d 898, 900] and is limited to the consideration of that portion of the conflicting evidence which tends to confirm the Board's Award [*See: Mt. Pleasant Mining Corp. v. Vermeulen* (1946), 117 Ind. App. 33, 38, 65 N.E.2d 642, 643]. *See also, E. I. DuPont DeNemours & Co. v. Green* (1945), 116 Ind. App. 283, 63 N.E.2d 547.

There is ample evidence in the testimony of Kinney, the Plant nurse, and Dr. Shultz to support the Findings of Fact made by the Board. *See: Bennett v. Maumee Collieries Co.* (1934), 99 Ind. App. 632, 192 N.E. 725; *Claypool Machine Co. v. Cripe* (1937), 104 Ind. App. 156, 10 N.E.2d 427; *Dost v. McGill Mfg. Co.* (1938), 105 Ind. App. 646, 16 N.E.2d 973; *Stanley v. Riggs Equipment Co.* (1961), 133 Ind. App. 86, 176 N.E.2d 766; *Drompp v. East* (1961), 134 Ind. App. 110, 178 N.E.2d 217; *Page v. Board of Commissioners* (1973), 155 Ind. App. 215, 292 N.E.2d 254.

ISSUE TWO.

CONCLUSION—It is our opinion that the Board did not err in excluding hearsay testimony proffered by Bohn's witness.

Mr. Thomas Martin, paymaster at Bohn's Plant #9, proffered hearsay testimony to the effect that Kinney's wife came to the Plant to pick up his paycheck the day after his accident and told Martin that her husband had injured his back at home. Upon objection, this evidence was excluded by the Hearing Member at the time of the hearing.

This Court can find neither case nor statutory authority which *requires* the Hearing Member or the Board to admit hearsay testimony into evidence. Indeed, the contrary proposition appears to be the law in this State:

". . . It is the rule in Indiana that where *incompetent evidence* has been admitted without objection or exception it may be considered upon appeal in determining the sufficiency of the evidence notwithstanding it *should have been excluded upon proper and timely objection. Klingler* v. *Ottinger* (1939), 216 Ind. 9, 22 N.E.2d 805; *Fetter* v. *Powers* (1948), 118 Ind. App. 367, 78 N.E.2d 555." *Hinshaw* v. *Waddell* (1957), 128 Ind. App. 67, 72, 142 N.E.2d 640, 643, and:

"*While the hearsay rule may be considerably relaxed insofar as it has application to the compensation proceedings, hearsay evidence as such is still improper. . . .*" (footnotes omitted) Small, WORKMEN'S COMPENSATION LAW OF INDIANA, § 12.6, pp. 388-89 (1950 Ed.).

*See also, Asbestos Insulating & Roofing Co.* v. *Schrock* (1943), 114 Ind. App. 177, 51 N.E.2d 395; *McCoy* v. *General Glass Corp.* (1938), 106 Ind. App. 116, 17 N.E.2d 473; *National Malleable & Casting Co.* v. *Holliday* (1932), 94 Ind. App. 34, 179 N.E. 571; *G. W. Opell Co.* v. *Phillips* (1929), 90 Ind. App. 552, 169 N.E. 354; *Bell Telephone Co.* v. *Haufe* (1924), 81 Ind. App. 660, 144 N.E. 844; *Hege & Co.* v. *Tompkins* (1918), 69 Ind. App. 273, 121 N.E. 677; *United States Steel Corp.* v. *Douglas* (1955), 125 Ind. App. 212, 222, 123 N.E.2d 899, 903; *Indiana Steel Products Co.* v. *Leonard* (1956), 126 Ind. App. 669, 131 N.E.2d 162.

Even if Martin's testimony as to Mrs. Kinney's purported statement had been admitted, it was within the discretion of the Board to disbelieve it, and there was other substantial evidence to support its Findings.

ISSUE THREE.

CONCLUSION—It is our opinion that the Board's Award of temporary total disability benefits for a period of nine (9) weeks was not contrary to law.

The evidence presented at the hearing and reviewed by

the Board was not in conflict as to the days Kinney missed work due to his back injury.

Of the eight witnesses testifying at the hearing, three witnesses testified as to the specific days Kinney was off work following the accident.

Kinney himself stated that he missed the two days following the accident, December 3-4, 1970, and returned to work the following Monday, December 7, and worked continuously until December 17, 1970.

Kinney further testified that after returning to work in January, 1971, he was able to work only intermittently through the months of February, March, and April.

Dr. Shultz testified that his records indicated Kinney missed two days initially, but continued to work until December 17th. His records further showed that Kinney returned to work January 27, 1971. Dr. Shultz also testified that he continued treating Kinney's back injury until March 8, 1971, during which time he was aware that Kinney was working only when his back permitted him to do so.

The Plant nurse testified that her records indicated Kinney did not report to work on the 3rd and 4th of December, 1970, and left work halfway through the night shift on December 17, 1970, and further that Kinney returned to Bohn on January 27, 1971. Her records further indicated that Kinney missed a total of ten (10) working days in February, six (6) working days in March, and five (5) working days in April prior to termination of his employment on April 22, 1971.

The evidence conclusively shows that Kinney missed more than ten (10) weeks of work, intermittently accumulated over a four and one-half month period, starting December 3, 1970, and ending April 22, 1971, and totalling fifty-one and one-half working days.

IC 1971, 22-3-3-22, Ind. Ann. Stat. § 40-1405 (Burns Supp. 1973), IC 1971, 23-3-6-1, Ind. Ann. Stat. § 40-1701 (Burns

Supp. 1973), and IC 1971, 22-3-3-8, Ind. Ann. Stat. ▇ § 40-1301 (Burns Supp. 1973), authorize the Board to determine the period of time claimant is temporarily totally disabled based upon the evidence presented to it . . . including an Award that covers intermittent periods of disability and employment. *See, Swift & Co.* v. *Bobich* (1928), 88 Ind. App. 64, 163 N.E. 232; *Silvey* v. *Panhandle Coal Co.* (1927), 86 Ind. App. 111, 154 N.E. 778; *Bruce* v. *Stutz Motor Car Co.* (1925), 83 Ind. App. 257, 148 N.E. 161; *Fort Branch Coal Min. Co.* v. *Farley* (1921), 76 Ind. App. 37, 130 N.E. 132, 131 N.E. 228; *Glacier Peat Moss Co.* v. *Brackins* (1959), 131 Ind. App. 279, 157 N.E.2d 297. *See also,* Small, WORKMEN'S COMPENSATION LAW OF INDIANA, § 9.2 (1950 Ed.)

The undisputed evidence presented at the hearing and reviewed by the Board, conclusively proved that Kinney was temporarily totally disabled as the result of his accident and out of work for a period of more than nine (9) weeks. As the evidence is not in conflict and substantiates the Board's Award, this Court has no authority to disturb the decision of the Board. *See, Bundy* v. *Concrete Ready-Mix Co.* (1960), 130 Ind. App. 542, 544, 167 N.E.2d 477, 480-81; *Allison* v. *Wilhite* (1938), 106 Ind. App. 16, 17 N.E.2d 874; *Lock-joint Tube Co.* v. *Brown* (1963), 135 Ind. App. 386, 191 N.E.2d 110; *Russell* v. *Johnson* (1943), 220 Ind. 649, 46 N.E.2d 219; *Ridley* v. *State Storage, Inc.* (1932), 93 Ind. App. 641, 179 N.E. 177; *McCoskey* v. *Armstrong* (1933), 98 Ind. App. 23, 187 N.E. 901; *Eades* v. *Lucas* (1939), 107 Ind. App. 144, 23 N.E.2d 273; *Bell* v. *Goody, Goody Products Co.* (1945), 116 Ind. App. 181, 63 N.E.2d 147; *Stanley* v. *Riggs Equipment Co., supra; Davis* v. *Webster* (1964), 136 Ind. App. 286, 198 N.E. 2d 883.

ISSUE FOUR.

CONCLUSION—The Supplemental Findings of Specific Fact made by the Board were in conformity with IC 1971,

22-3-4-7, Ind. Ann. Stat. § 40-1511 (Burns Supp. 1973) and are specific enough for the purpose of appellate review.

Bohn attacks the Supplemental Findings of Fact submitted to this Court pursuant to the directive in our previous Opinion (See: CASE HISTORY, *supra*) on the ground that the Board's Certification[2] submitted with those additional Findings discloses they were violative of § 40-1511 because not made by the Full Board. It provides:

§ 40-1511. Review of evidence or hearing by full board.— If an application for review is made to the board within twenty (20) days from the date of the award, made by less than all the members, the *full board*, if the first hearing was not held before the full board, *shall review the evidence,* or, if deemed advisable, hear the parties at issue, their representatives and witnesses as soon as practicable and shall make an award and file the same with the finding of the facts on which it is based and send a copy thereof to each of the parties in dispute, in like manner as specified in the last foregoing section. [Acts 1929, ch. 172, § 60, p. 536; 1969, ch. 94, § 6, p. 202.] (emphasis supplied)

The Supplemental Findings do recite the "Full Industrial Board of Indiana now makes the following Findings of Fact.

2. *"CERTIFICATION.* Comes now ROBERT W. McNEVIN, as Chairman of the Industrial Board of Indiana, and being first duly sworn upon his oath states that Joseph P. Miller was the Hearing Member who originally heard the above captioned cause of action and prepared the Board's Award at the single Hearing Member level and subsequent to the review of this cause by the Full Industrial Board, and that said Joseph P. Miller is now deceased and that the affiant herein read the entire transcript in this matter and caused to be prepared the attached Findings of Fact pursuant to the decision and directive of the Court of Appeals (Second District). That the attached Findings of Fact, in compliance with said Court order, have been adopted by the Full Industrial Board of Indiana by oral communication with the affiant and by the acquiesence of four Board Members whose names are affixed to said Findings by use of their personal signature name stamps. Said affiant further states that there has been no meeting of the Full Board since the receipt of the directive from the Court of Appeals and that by virtue of this fact this procedure was adopted to meet the time limitations established by the Court.

"Said affiant further states that these Findings do now represent the adopted Findings by the Full Industrial Board of Indiana and the same are hereby certified to the said Court of Appeals in this cause.

*"/s/ Robert W. McNevin*
ROBERT W. McNEVIN, Chairman
Industrial Board of Indiana"

. . ." and the Certification accompanying the Supplemental Findings states these Findings "have been adopted by the Full Industrial Board of Indiana by oral communication with the affiant (McNevin) and by acquiescence of four Board Members whose names are affixed to said Findings. . . ."

Our directive to the Board to "certify to this Court within thirty (30) days . . . Findings of Specific Fact upon which its Award is based. . . ." [291 N.E.2d at 707] did not entitle Bohn to a rehearing before the Full Board. The short time limit placed on the Board to submit these additional Findings required immediate action on its part. Under the special circumstances of this case, the Board acted in good faith to comply with our Order, and their action under these special circumstances constituted action by the Full Board within the meaning of § 40-1511.

The Award of the Board is accordingly affirmed.

Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 314 N.E.2d 780.