NEOMIA P. FRENCH *v.* ICI AMERICA, INC.

[No. 2-176A11. Filed June 30, 1976.]

*Evan A. McLinn,* of New Albany, for appellant.

*James E. Bourne, Orbison, O'Connor, MacGregor & Mattox,* of New Albany, for appellee.

LYBROOK, J.—Neomia French (French) is appealing her award of seven per cent permanent partial impairment, claiming on appeal that the evidence is such that reasonable men could only conclude that in addition to the award she received, she was also entitled to an award of permanent or temporary total disability.

We do not disturb the permanent partial impairment rating of seven per cent, but remand this cause to the Board for specific factual findings as to temporary total disability.

On February 22, 1973, French was involved in an accident arising out of and in the course of her employment by ICI America, Inc. (ICI). She suffered injuries to her back which have allegedly precluded her from entering into any gainful employment. She filed a claim for compensation with the Industrial Board on October 29, 1974, seeking a determination of her status. A hearing was held before a hearing member and on August 15, 1975, he held that French's injury had reached a permanent and quiescent state. In addition it was decided that French had sustained permanent partial impairment of seven per cent. The Full Industrial Board (Board) adopted the finding of the single member on December 18, 1975, and this appeal follows.

French argues on appeal that the Board should have found in her favor on either permanent or temporary disability payments. ICI states that only permanent total disability was asked for in the Form 9 petition. However, an application is deemed amended to conform to the evidence. *Bagwell* v. *Chrysler Corporation* (1976), 168 Ind. App. 110, 341 N.E.2d 799.

It must be remembered that in an appeal from the Board this court will not weigh the evidence, and, where there is

conflict in the evidence, we consider only the evidence which tends to support the Board's award. *Bohn Aluminum & Brass Co.* v. *Kinney* (1974), 161 Ind. App. 128, 314 N.E.2d 780; *Allen* v. *United Telephone Co.* (1976), 168 Ind. App. 696, 345 N.E.2d 261.

In the case at bar, two doctors testified; one for French and one for ICI. Dr. Stanley Collis deposed on December 6, 1974, that he saw French in his office on August 26, 1974. After giving French a physical examination, Dr. Collis surmised that she sprained her back. He opined that French could have performed the type of work she was performing when she was injured but that she should gradually work up to it and not really begin until one or two months subsequent to beginning a program of gradual exercises. In addition, Dr. Collis testified that French would have a permanent impairment of about seven per cent to the body as a whole.

Dr. Hassi Shina was French's physician prior to the time of his deposition on February 7, 1975. He stated that he saw French on March 19, 1973, subsequent to her injury on February 22, 1973. He testified that as a result of her accident she has pain radiating into both legs and that generally her condition was worsening. He recommended to her that: (1) it was impossible for her to return to gainful employment; (2) she should see an orthopedic surgeon, and (3) there was nothing that he (Dr. Shina) could contribute to her treatment.

French argues that since her doctor considers her incapable of work then she is entitled to a disability award. However, the only issue before the court in this regard is whether the evidence *in support of the Board's* award is sufficient to sustain it. Where there is a conflict only that testimony which tends to support the Board's award is considered. *Bohn Aluminum, supra; Allen, supra.* While it may be true that Dr. Shina stated that French could not go back to work, Dr. Collis testified that she could go back to work after a period of appropriate exercise. Therefore, any attempt to recover permanent total disability should fail.

As to the temporary total disability Dr. Collis testified that, while French did have some problem with her back, she could go back to work and gradually work up to the type of pre-injury work she had done. As pointed out in *Callahan* v. *Lovelace Truck Service* (1971), 149 Ind. App. 314, 271 N.E.2d 734, disability is compensable until such time as the claimant is able to resume work of the same kind and character as was engaged in at the time of the injury. *Bruce* v. *Stutz Motor Car Co.* (1925), 83 Ind. App. 257, 148 N.E. 161.

Since all of the evidence pointed to an inability to work at endeavors of the same kind and character as those causing injury for at least one or two months, and since the Board failed to make any determination as to temporary total disability, this cause should be remanded for further findings. *Whispering Pines Home for Senior Citizens* v. *Nicalek* (1975), Ind. App., 333 N.E.2d 324. See also, *Board of Commissioners of Henry County* v. *Dudley* (1976), 167 Ind. App. 693, 344 N.E.2d 853. As pointed out in *Whispering Pines, supra,* the findings must contain all the specific facts relevant to the contested issue or issues so that the court may determine whether the Board has resolved those issues in conformity with the law.

This appeal is therefore remanded with instructions to enter findings with respect to the temporary disability.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 349 N.E.2d 715.