NEOMIA P. FRENCH *v.* I.C.I. AMERICA, INC.

[No. 2-176A11. Filed December 27, 1976. Rehearing denied March 21, 1977. Transfer denied June 10, 1977.]

*Evan A. McLinn,* of New Albany, for appellant.

*James E. Bourne, Orbison O'Connor MacGregor & Mattox,* of New Albany, for appellee.

OPINION ON REMAND

LYBROOK, J.—This action is before us as a result of a remand, whereby the Industrial Board of Indiana (Board) was directed to supplement its previous finding concerning Neomia French and I.C.I. America, Inc. *French* v. *I.C.I. America, Inc.* (1976), 169 Ind. App. 601, 349 N.E.2d 715.

We previously held that the findings were insufficient . . .

"Since all of the evidence pointed to an inability to work at endeavors of the same kind and character as those causing injury for at least one or two months, and since the Board failed to make any determination as to temporary total disability, this cause should be remanded for further findings." (349 N.E.2d 717).

Pursuant to our decision the Board has now found the following:

"The Full Industrial Board of Indiana now enters the following findings of fact on the sole issue of the disability of the Appellant-Plaintiff as follows:

1. Based upon the credible medical evidence Appellant-Plaintiff was unable to work on August 26, 1974, at endeavors of the same kind and character as those causing the injury.

2. Based upon the credible medical evidence Appellant-Plaintiff would not be able to return to work at endeavors of the same kind and character as those causing her injury for at least two to three months after August 26, 1974.

3. Based upon the credible medical evidence Appellant-Plaintiff was temporarily totally disabled from August 26, 1974, for a specific period of 13-2/7 weeks.

## SUPPLEMENTAL AWARD

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana that Appellant-Plaintiff shall have and recover of and from the Appellee-Defendant compensation at the rate of $60 per week for a specific period of 13-2/7 weeks, beginning August 26, 1974.

It is further ordered that said compensation payments shall be brought up to date and paid in cash and in a lump sum."

Having now received the requested findings from the Board, and having reviewed the same, we hold that the supplemental findings are sufficient to permit this Court to exercise a meaningful review of the factors upon which the Board based its decision. *Whispering Pines Home for Senior Citizens v. Nicalek* (1975), Ind. App., 333 N.E.2d 324.

In light of the discretion of the Board and the specificity of the supplemental findings we find no error in those findings concerning temporary total disability.

We now incorporate this opinion with the prior opinion, *French, supra,* and affirm the judgment of the Industrial Board as modified by the supplemental award.

Affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 358 N.E.2d 213.